## PETER CLIPPENGER v. JOHN INGRAM.

OFFER THAT PLAINTIFF TAKE JUDGMENT, *In Action for Recovery of Money Only; Costs on Refusal.* A defendant in a civil action for assault and battery may, at any time before trial, although he may have already answered by filing a general denial, serve upon the plaintiff, in accordance with section 523 of the civil code, an offer in writing to allow judgment to be taken against him for a sum specified in such offer, and then, if the plaintiff fail to accept such offer, and afterward fails to recover judgment against the defendant for more than the amount so offered, the defendant may, in the same action, recover judgment against the plaintiff for costs accruing after such offer.

*Error from Nemaha District Court.*

ALL necessary facts are stated in the opinion. The judgment appealed from was given by the district court at the April Term 1875.

*Joseph Sharpe*, for plaintiff.

*C. W. Edgar*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was a civil action for assault and battery, brought .by Peter Clippenger against John Ingram. The action was commenced January 25th 1875. The defendant answered by filing a general denial, February 16th. On April 6th, the defendant served a notice in writing upon the plaintiff that he (the defendant) would allow judgment to be taken against him in such action for the sum of ten dollars. This notice was. drawn up and served in accordance with the provisions of section 523 of the civil code. (Gen. Stat. 732.) The plaintiff refused to accept the offer of the defendant, and so the action proceeded to trial and judgment. The trial was had before a jury, and the jury found a verdict in favor of the plaintiff and against the defendant, and assessed the damages at two dollars. The defendant then moved the court, "that the plaintiff be taxed with all the costs in

this case made in the case since the offer and tender of a judgment by the defendant to plaintiff," and the court upon the hearing of the motion sustained the same, and rendered judgment accordingly.  The judgment was rendered in favor of the plaintiff and against the defendant for two dollars, and costs made up to April 6th 1875, and in favor of the defendant and against the plaintiff for costs made subsequent to said April 6th.  The plaintiff complains of this judgment, and asks of this court to have said judgment reversed so far as it taxes the costs which accrued subsequently to the making of the offer on April 6th 1875.  The plaintiff claims that said section 523 has no application to this case, nor to this class of cases.  He claims that it applies only to such cases as are founded upon contract, and where the amount claimed is ascertainable by mere calculation, and is liquidated and certain. We know of no good reason ·however why the operation of said statute should be thus limited.  Its operation is not thus limited by its own express terms.  And we think there are many good reasons why its operation should not be thus limited.  The statute, so far as it is necessary to quote it, reads as follows:

"The defendant in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for the sum specified therein. * * * If the notice of acceptance [by the plaintiff] be not given [to the defendant] in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence, or mentioned on the trial.  If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

Is not this "an action for the recovery of money only?" If it is not, then what else does the plaintiff ask to recover? It is certainly not an action for the recovery of any specific real or personal property, or to enforce a lien, or to compel specific performance, to set aside any instrument, or proceeding; nor for injunction, mandamus, or *quo warranto;* nor for

divorce, nor for any other specific relief aside from the recovery of money. And the last sentence in the statute above quoted certainly contemplates an uncertainty in the amount of the judgment that may be recovered. And as that sentence provides that "if the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer," we think a judgment may be rendered in the same action in favor of the defendant and against the plaintiff for such costs. There is no decision in any state, so far as we are informed, holding that said § 523, or any corresponding section, is not applicable to this class of cases, or that the judgment we have indicated is not a proper judgment in a case like the one at bar. In Ohio under § 498 of their code, (same as § 528 of ours,) which provides that in "an action for the recovery of money" the defendant may "in court" offer to confess judgment, etc., and then if the plaintiff refuse to accept the offer and "on the trial, do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer," it was held, in an action "for a trespass upon the plaintiff's land, and injury to his cattle," that the defendant might make the offer, and if the plaintiff refused, and then recovered less than was offered, judgment might be rendered in favor of the defendant and against the plaintiff for the defendant's costs accruing after such offer. (*Cartright v. Staggers*, 15 Ohio St. 511.)

In the present case we think the plaintiff was entitled to recover costs only up to April 6th 1875, and the defendant was entitled to recover costs accruing thereafter. We think the court below committed no error in this case. Therefore the judgment of the court below will be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.