THE WICHITA & WESTERN RAILROAD COMPANY v. WILLIAM L. BEEBE, *et al.*

ACCRUING COSTS, *Taxed to Plaintiff.* The defendant, in an action to recover damages for obstructing an alleged natural water-course, filed in the case with the clerk of the district court, an offer in writing, to confess judgment for $213.01, and for costs of suit up to that date, and immediately thereafter presented the offer to the plaintiff's attorneys, who, in writing and for the plaintiff, declined the offer; and afterward, on the trial, which was more than five days after the offer was presented to the plaintiff's attorneys, the plaintiff recovered a judgment for only $180, and costs. *Held,* That all costs accruing after the offer was presented to the plaintiff's attorneys should be assessed and taxed against the plaintiff.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Sedgwick county, on August 17, 1885, by William L. Beebe, James W. Beebe, and Lawrence O. Beebe, partners as W. L. Beebe & Brothers, against the Wichita & Western Railroad Company, to recover damages for obstructing an alleged natural water-course. Before the trial, and on November 21, 1885, the railroad company offered, in writing, to allow judg-

ment to be taken against it for the sum of $213.01, and for costs of suit up to that date. This offer was first filed with the clerk of the district court, and immediately thereafter was presented to the attorneys of the plaintiffs below, and was declined by them, in writing. The following (omitting caption) is a copy of the offer and refusal, and the file-marks:

"Now comes the defendant railroad company, by Houston & Bentley, its attorneys, and offers in court to confess judgment in the above cause, for the sum of two hundred and thirteen dollars and $\frac{1}{100}$, and for the costs of this action to date.

HOUSTON & BENTLEY, *Defendant's Attorneys.*"

(Indorsed:) "The above plaintiffs refuse to accept the confession of judgment in the above cause.

E. C. RUGGLES, *Attorney for Plaintiffs.*"

(Indorsed:) "Filed November 21, 1885.

C. A. VAN NESS, *Clerk.*"

The foregoing offer was made under § 523 of the civil code, which reads as follows:

"The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five days after the offer was served, the offer and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer verified by affidavit; and in either case the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

Afterward, and on November 30, 1885, the case was tried before the court and a jury, and a verdict was rendered in favor of the plaintiffs below and against the defendant below, for $180. After this verdict was rendered, and before judgment, the railroad company moved that judgment be taken

against it for $180 and costs of suit, up to and including November 21, 1885, and that judgment be rendered against the plaintiffs for all costs which accrued after that date, for the reason that the railroad company had made the above-recited offer, and that it was not accepted by the plaintiffs below. The court overruled this motion, and rendered judgment in favor of the plaintiffs below and against the defendant below, for $180 and all the costs of suit; and to reverse this judgment to the extent of the costs which accrued after November 21, 1885, and up to the time when the judgment was rendered, the defendant, as plaintiff in error, brings the case to this court.

It is difficult to understand why the defendant's motion was not sustained, and why the costs of suit after November 21, 1885, and before the time of the rendering of the judgment, were not assessed against the plaintiffs below. (*Clippenger v. Ingram*, 17 Kas. 586; *Masterson v. Homberg*, 29 id. 106.) All the above-stated facts were admitted by the parties in open court at the time the motion was heard. It is true that the offer to confess judgment or to allow judgment to be rendered against the railroad company was not made in open court, nor was it necessary; and it is also true that the offer was first filed with the clerk, and then presented to the plaintiffs' attorneys, while the statute contemplates that it shall be first presented to the attorneys and then filed; but the whole thing was done on the same day, and substantially at the same time, and the variance was not substantial. Neither was the trial court's attention called to the offer until after the verdict was rendered; but that is immaterial. Indeed the defendant, through its attorneys, substantially complied with the law.

The judgment of the court below will be reversed, and the cause remanded, with the order that judgment be rendered in accordance with the views herein expressed.

All the Justices concurring.