THE CENTRAL RAILROAD AND BANKING COMPANY *vs.* ROACH.

1. In a suit by a widow against a railroad company for the homicide of her husband, who was an engineer in its employment, two things are necessary to a recovery : First, absence of negligence on his part contributing to the occasion or cause of his death; and second, negligence on the part of the company or some other agent or employé. When it is shown that the deceased was without fault, the presumption of negligence on the part of the road arises. It may, however, be rebutted by proof. If neither the company nor the employés were negligent, there can be no recovery.

2. An engineer having jumped from his engine and been killed, and the question being whether or not he was without fault, the necessity for jumping, his ability to jump, and the safety with which he could do so, are all for the consideration of the jury, and it was error for the judge to charge that "the fact that he jumped is proof that he thought jumping the safest course."

3. The court charged as follows : "The pecuniary damages to the wife from the homicide are to be ascertained by inquiring what would be a reasonable support, according to the circumstances in life of the husband as they existed at his death, and as they may be reasonably expected to exist in view of his character, habits, occupation and prospects in life; and when the annual money value of that support has been found, to give as damages its present worth, according to the expectation of the life of the deceased, as ascertained by the mortuary tables of well established reputation :"

   *Held*, that under the facts of this case, the court should have amplified this charge, and the attention of the jury should have been called to the declining years of the deceased and the probable decrease year by year of his capacity to labor at his calling.

4. In a suit by the wife of an engineer against a railroad company for his homicide, the jury should consider the age of the deceased and if old, his consequent incapacity to labor long.

5. As to the negligence of the engineer of the train immediately preceding that on which the deceased was, it does not depend on his incapacity, by reason of fits or otherwise, to properly handle his train, but on whether, under the facts and circumstances surrounding him at the time of the injury, he was negligent in stopping at the curve.

Railroads. Damages. Negligence. Master and servant. Charge of Court. New Trial. Before Judge FLEMING. Chatham Superior Court. May Term, 1879.

To the report contained in the decision, it is only necessary to add the following :

Mrs. Roach sued the company for the homicide of her husband. He was an engineer in the employment of defendant. On the night of January 28th, 1878, three freight trains started from Macon to Savannah, on defendant's road. Roach was the engineer on the last train; one Greenlaw was engineer on the train next in front of him. While going round a curve, Greenlaw checked the speed of his engine, and continued to check it for some time, saying he saw a light in front; the conductor sent a man back to stop the rear train, and signaled to Greenlaw to go on, which he finally did. In the meantime the rear train came up. Roach seeing the train going with comparative slowness in front of him, blew on brakes, reversed his engine, told another employé on the engine to jump off, and then jumped himself. He was injured so that he died from the effects. The train ran on and just came in contact with the one in front before stopping; but the collision was not serious enough to injure any one on either train. As to the prudence of Roach in jumping, or the apparent necessity for doing so, and also as to the diligence of the company, the evidence was somewhat conflicting. There was a good deal of evidence in regard to Greenlaw's being afflicted with epileptic fits, and as to whether the company was chargeable with notice thereof—all of which is immaterial here. Roach was nearly sixty-one years of age at his death. According to the mortuary tables his expectancy of life was nearly fourteen years.

The jury found for the plaintiff $5,000.00. Defendant moved for a new trial, which was refused, and it excepted. The grounds of error necessary to an understanding of the decision are as follows:

1. Because the court erred in refusing to charge the jury when requested by defendant's counsel, as follows: " If the jury be satisfied that the plaintiff's husband was himself wholly without fault or negligence in connection with the incidents, or any one of them, which directly contributed to the cause of his death; and should be further satisfied that by no effort of his own could he have avoided the loss

of his life, but should find, on the other hand, that the railroad company was not guilty of negligence, or of failure in the discharge of ordinary duty by the defendant, or either of its employés, which caused his death, still the plaintiff cannot recover."

2. Because the court erred in refusing to charge the jury when requested by defendant's counsel, as follows: "If the jury find that the capacity of plaintiff's husband to spring from an engine under the circumstances, with safety to himself, had been impaired by advanced age, or by any other cause, it was his duty to take notice of this fact; and if he failed to be mindful of it, and thereby incurred a greater risk than he would have been exposed to had he remained upon the engine, the plaintiff cannot recover."

[In connection with the refusal to charge as requested by defendant's counsel, the court charged as follows: "This fourth request calls upon me to charge you as law that if Roach, by pursuing any other course than the one actually pursued. would or might have saved his life, the plaintiff cannot recover. To give you this charge would be virtually to charge you to find a verdict for defendant, if you found the fact that if he had remained on the engine he would not have been killed. If this be so, Roach could not have known it. The fact that he jumped, if you find that he did jump, is proof that he thought jumping the safest course. If the fact now appears that another course was safer, it does not follow that he was in fault for jumping. His obligation was to pursue that course which under the circumstances was reasonable and proper. * * * * I think an old man has as much right to jump as a young man, to avoid the consequences of an impending collision."]

3. Because the court erred in charging the jury as follows, as to the rule of damages: "First determine what amount per annum you will give the plaintiff; then calculate the present worth of that amount for each year separately, add these present worths together and find the aggregate amount *in solido*. This you must do for the number

of years you find, under the testimony, that Roach would have lived but for the accident."

4. Because the court erred in this : That after having charged the jury in full, and refused to give other charges as requested, and after the jury had retired to their room for a half hour or more, without any request from the jury and against the objection of defendant's counsel, he re-called the jury from their room into the court and read to them from 38 *Ga.*, 410, as follows : "The pecuniary damages to the wife from the homicide is to be ascertained by inquiring what would be a reasonable support, according to the circumstances in life of the husband, as they existed at his death, and as they may be reasonably expected to exist, in view of his character, habits, occupation, and prospects in life ; and when the annual money value of that support has been found, to give as damages its present worth, according to the expectation of the life of the deceased, as ascertained by the mortuary tables of well-established reputation."

[On the last two points the court certified as follows : "I further certify that the charge as to the rule for estimating damages, given when the jury was recalled, was in the place and stead of the charge on this point as originally given ; I therefore submit that the original charge is no part of my charge to the jury."]

5. Because the damages were excessive.

6. Because the verdict was contrary to law and evidence.

A. R. LAWTON ; W. S. BASINGER, for plaintiff in error, cited 50 *Ga.*, 465 ; 55 *Ib.*, 133 ; 58 *Ib.*, 485, 107 ; 119 Mass., 412 ; 122 *Ib.*, 251 ; Am. Law Rev., 1880, pp. 295, 302, 304.

R. E. LESTER, for defendant, cited Code, §§3033, 2083, 2202, 2067 ; 59 *Ga.*, 441 ; 2 Campbell, 69 ; 3 Pet., 181 ; 9 Met., 1 ; 18 N. Y., 543 ; Ang. on Carriers, (4 Ed.) 568, top. 497 ; 8 Cent. L. J., 12 ; 7 *Ib.*, 222 ; 16 How., 469 ; *Craw-*

*ford vs. Ga. R. R.* (Feb. T., 1879); Aug. on Corps. (4 Ed.), §540–1; 58 *Ga.*, 216; 15 Wallace, 649; Code, §§2961, 2972, 1680; 46 N. Y., 23; 15 Wal., 649; 56 N. Y., 295; 7 Me., 202; 14 How., 468; Sher. & Red. on Neg., 19; 3 Hurl. & C., 596; 20 *Ga.*, 146; 45 *Ib.*, 509; 56 *Ib.*, 588; 58 *Ib.*, 485; 59 *Ib.*, 436; 38 *Ib.*, 409; *C. R. R. vs. Richards*, (Feb. T. '79); Sher. & Red. on Neg., §§28, 282.

Jackson, Justice.

Mrs. Roach, the widow of a locomotive engineer on the Central Railroad, in charge of the engine on one of three freight trains thereon, running at night, sued the railroad company for the homicide of her husband; the jury found for her $5,000.00 damages, the company made a motion for a new trial on various grounds, it was overruled on all, and the company excepted to the judgment overruling its motion.

We think that the motion should have been granted on some of the grounds therein stated.

1. The first ground is that the court declined to give in charge the following request: "If the jury be satisfied that the plaintiff's husband was himself wholly without fault or negligence in connection with the incidents, or any one of them, which directly contributed to the cause of his death; and should be further satisfied that by no effort of his own could he have avoided the loss of his life, but should find on the other hand that the company was not guilty of negligence, or of failure in the discharge of ordinary duty by the defendant, or either of its employés, which caused his death, still the plaintiff cannot recover."

Two things are essential to enable the plaintiff to recover. First, no fault on the part of her husband contributing to the occasion or cause of his death, and secondly, negligence or fault in the company, or some other agent or employé thereof, which did so contribute. The plaintiff's husband may not have at all been at fault, and yet she cannot recover unless the company, through other employés, was at

fault.   Such a case would be an unavoidable accident—with nobody to blame, and, therefore, no recoverable damage to anybody.   It is true that the moment the plaintiff's husband is shown without fault, the presumption is that the company was at fault through other employees; but this may be rebutted, and it is for the jury to say whether it is or is not rebutted. Therefore, it is for them to say on the whole case made by all the proof that plaintiff's husband is without fault, and that the company is at fault ; and they must say that both things are true, before the plaintiff can recover.   The request is awkwardly worded, but it means that these two things must concur before there can be a recovery ; and so understanding it we think that it or its substance should have been given to the jury.   Although something akin to its substance, as we understand it, was given in the general charge, yet as the judge told the jury that he declined to give this, they may have been misled.   Code, §§2962, 3036, 3033.

2.  In regard to the fault of the plaintiff's husband and the refusal to charge thereon, as requested in the second ground of the motion, in relation to his jumping from the engine, and the remarks of the judge thereon, we think there was error.

Whilst abstractly speaking an old man has the right to jump as well as a young man, yet we hardly think that the judge ought to have said to the jury that he had such a right, and "that the fact that he jumped is proof that he thought jumping the safest course." Such remarks would seem to intimate an opinion on the evidence and may have been so understood.   The prudence of jumping or not jumping—whether it put the engineer in fault or not—depends much on his ability to jump, and the safety with which he could jump, and the imminence of the danger threatening at the time.   All these are matters for the jury to pass upon without intimations from the court, and if permitted even to be made it is hardly reasonable to say or intimate that an old man of sixty years of age could safely jump where a young man of twenty might do so with ease

and safety. Moreover, a passenger might be justifiable in jumping from a train, when an engineer would not be in abandoning his engine. The passenger has only himself to care for; the engineer has lives and property of others at stake. The first is unskilled in the running of cars and the imminence of the danger; the other should know from experience of the risk of collisions from the distance between trains in danger of colliding; and what would be no fault in the passenger might be grave error in the officer of the company. All these are matters for the jury to consider without let or hindrance or intimations from the bench. We do not rule that the engineer must never leave his engine; but he must be sure that an emergency is upon him —imminent and impending—before it can be said that he is without fault in doing so. In this case had he not left the engine, he would now be alive; was it prudent in him, under all the facts as an officer—a man of the years he had attained—with the distance between trains—with the danger to remain, and the danger to leap—all considered, was it prudent to risk the leap? and was he without fault in doing so? The jury must answer without intimations of opinion from the court.

3. The measure of damages first given by the court is as follows: "First determine what amount *per annum* you will give the plaintiff, then calculate the present worth of that amount for each year separately, add their present worths together, and find the aggregate amount *in solido*. This you must do for the number of years you find under the testimony that Roach would have lived but for the accident."

After the jury had retired, that body was recalled, and the following charge was given : " The pecuniary damages to the wife from the homicide are to be ascertained by inquiring what would be a reasonable support, according to the circumstances in life of the husband as they existed at his death, and as they may be reasonably expected to exist in view of his character, habits, occupation and prospects

in life, and when the annual money value. of that support has been found, to give as damages its present worth, according to the expectation of the life of deceased, as ascertained by the mortuary tables of. well established reputation."

The judge certifies that this was in lieu of that previously given. If so, it being the rule laid down in 38 *Ga.*, 410, and the jury being told that this was in lieu of that first given, it would be clearly wrong, we think, to reverse the judge for giving in charge the rule prescribed by this court. Yet in this case the attention of the jury should be called to the declining years of the plaintiff's husband, and the apparent decrease year by year of capacity to labor, especially in his business of a locomotive engineer. It is true that this idea may be conveyed by the words " prospects in life " in the rule given in the 38th *Ga.;* but in a case where the plaintiff's husband's capacity to support her is dependent on his business, which business requires vigor of bone and muscle, and where he was some sixty years old when killed, and the expectation of life was to run to seventy-three years of age, and where, therefore, it is hardly reasonable to calculate that he could be similarly employed and equally paid as to wages, the rule should be expounded and amplified with some more particularity than merely to read it from the report of that opinion.

4. We lay the more stress upon this point for the reason that complaint is made that the damages are excessive. As the case is to be tried again, we are loth to express an opinion thereon further than to say that the declining age of the plaintiff's husband, and consequent incapacity to labor long as a locomotive engineer, especially on a night train, and his consequent insecurity to be continued for a long time in that employment, ought to be weighed and considered well by the jury. It is the support which he could have probably made for her for the remainder of his life—strength and consequent ability all the while decreasing—it is that support only which is the basis on which she

is entitled to rest a recovery against the company, if their agents killed him by their neglect when he was without fault; and therefore the pith of the case is his prospects to continue in that or other business and thus make her this support.

5. In respect to the question of negligence by the company's agent—the locomotive engineer on the train in front of that run by the plaintiff's husband—we think that it does not depend on the incapacity by the reason of fits or otherwise of that engineer, but on the fact whether or not he was negligent that night. If he stopped at that curve without good reason when he could have gone on, and by reason of his stopping there without good cause the accident happened, he was at fault and not reasonably diligent but negligent, and plaintiff, if he did not himself by his own fault, by jumping without good reason under all the circumstances from his place on the engine, contribute to the injury might recover if hurt, and so may his widow if he was killed.

The case, we consider on the broad view of it as a whole, has not been as fully tried and the damages as clearly ascertained by the jury as should have been done, or rather as might be done on a new hearing, and therefore a new trial is awarded.

Judgment reversed.