43  145
59  268

THE SOUTHERN KANSAS RAILWAY COMPANY v. C. L. ROBBINS, *as Administrator of the estate of John F. Patterson, deceased.*

43   145
o61  452
d61  681

1. DEPOSITION, *Not Suppressed.*  A deposition taken in the absence of the opposing party, a short distance from the office stated in the notice, will not be suppressed where it appears that on the same day the counsel for the opposing party appeared, and by consent of all the deposition was opened and the witness recalled and cross-examined.

2. OPINIONS OF EXPERTS, *When not Competent Evidence.*  Where one of the issues to be tried is whether the person injured was in the exercise of ordinary care, and there were eye-witnesses as to his conduct at the time of the injury, the opinions of experts as to whether he was generally a careful and skillful man, are not competent evidence.

3. DUE CARE — *Inadmissible Evidence.*  Evidence of the practice and usage of others in climbing the ladder of a box car when a train is in motion, such as deceased fell from, is not admissible to prove due care on his part at the time of the accident.

*Error from Franklin District Court.*

ACTION brought against the *Railway Company* by *Robbins,* as administrator of the estate of John F. Patterson, deceased, to recover damages for the benefit of his widow and child. Judgment for the plaintiff, at the October term, 1887, for $5,500. The defendant company brings the case here. The facts are stated in the opinion.

*G. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*H. P. Welsh,* and *J. W. Deford,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On June 30, 1886, John F. Patterson was employed in the service of the Southern Kansas Railway Company, as a passenger conductor. At that time a Sunday-school assembly was in session at Ottawa, and the railway company was running excursion trains from several points in

10—43 KAS.

the state to that place.   On the morning of the day mentioned, Patterson went from Ottawa to Lawrence in charge of a passenger train, where it was loaded with excursionists bound for the assembly at Ottawa.   On the return trip he stopped at Baldwin City, where there were a number of people intending to join the excursion to Ottawa, and being short of passenger cars to accommodate them, the company had placed two cabooses, and a box car temporarily arranged for passengers, on a side-track, and directed Patterson to attach them to the rear of his train for the use of passengers.   There is testimony to the effect that Patterson was directed to place the cars in his train in the same order in which they were standing — first a caboose, then the box car, and then another caboose; and this was the order in which they were attached to the train.   After the train left Baldwin City, Patterson proceeded to collect fares, beginning at the front and passing toward the rear of the train.   When he had completed taking fares in the first caboose, he passed out of the rear door, and proceeded to climb over the box car, in an effort to reach the other caboose, in which there were passengers.   There were no doors in the ends of the car, nor any platforms on the ends of the same, and the only way to get over the car was to climb up a ladder on the side and near the corner of the car, made of iron rods called "hand-holds" or "rungs," which were screwed to the side and top of the car.   These rods were about a foot apart, and extended out from the side of the car about three inches.   While he was in the act of ascending this ladder the train was running at a rapid rate, and just as it passed over a bridge he in some way fell from the car and was fatally injured.   The witnesses who saw the occurrence state that he had nearly reached the top of the car, when he appeared to grasp with one hand for a rung which should have been upon the top of the car, but probably was not, and at the same time let go his hold upon the top rung on the side of the car with the other hand, when he reeled back and fell from the train. He was found lying in the angle of two braces of the bridge,

his skull fractured and his left leg broken. He was unconscious when found, and remained so until his death, which occurred the day of the accident.

This action is brought by the representative of the deceased to recover damages for the benefit of the widow and child, it being alleged that his life was lost in consequence of the negligence of the railway company. The company alleged and contended that Patterson was guilty of negligence contributing to the accident. The plaintiff prevailed, and recovered a judgment for $5,500.

Errors are assigned here upon the rulings of the court in admitting evidence. The deposition of a witness was received that was not taken in the exact place stated in the notice. The notice named the office of Winslow P. Hyatt, Colorado street, Pasadena, Los Angeles county, California, as the place of taking the deposition, but as he had moved about a block away on another street, the notary met the plaintiff's attorney at that place at the proper time, and adjourned the taking of the deposition to another office on another street in Pasadena; and there the deposition was continued, completed, sealed up, and properly addressed. In the afternoon of that day, the attorney for the defendant was found and informed what had been done, and by consent the deposition was then opened, and the witness was recalled and cross-examined by defendant's attorney.

The court properly refused to suppress the deposition. The taking of a deposition at another place than that stated in the notice, in the absence of the opposing party, is a sufficient objection to the deposition; but the irregularity was cured by the voluntary appearance of the defendant's counsel at the place where the deposition was taken, and his participation in the proceeding. It is important that the deposition should be taken at the place mentioned in the notice; but the notice is only given to furnish the opposing party an opportunity to appear, and therefore the appearance waives a defect in the notice or the irregularity

1. Deposition, not suppressed.

of a change in the place of taking the deposition. None of the objections to the deposition can be sustained.

A witness was asked, and over objection permitted to state, as to whether the deceased was a careful and skillful railroad man. This was clearly erroneous. The question whether Patterson exercised due care in this particular instance was an important issue. It was alleged that he was guilty of negligence, and it was contended that the absence of the handhold on the top of the car was an obvious danger, and apparent to anyone, and that to ascend a perpendicular ladder in the manner in which he did, by letting go his hold of the rung on the side of the car before laying hold of the rung on the top of the car, was negligence. The issue of his want of ordinary care was before the jury, and there was much testimony submitted concerning his conduct at the time of the injury. There were eye-witnesses present, who at the trial described the manner in which he ascended the ladder, and the care which he exercised at the time the accident occurred; and hence there was no necessity nor propriety in admitting the opinion of an expert as to whether he was generally a careful and skillful man. The determination of whether he was exercising due care when he fell from the car does not depend upon the care exercised by him at other times, or whether he was usually careful in the performance of his duties as a railroad man, but does depend upon his conduct at the time of the accident. The witness who gave the testimony was a conductor on the same railroad; had been acquainted with him for a year, and claimed to have the means of knowing as to whether he was a careful railroad man; and his testimony may have had much weight with the jury in determining that the deceased was in the exercise of due care. With the evidence before them as to the care he used at the time, the jury could determine better than any expert whether or not he was negligent; and the fact that he was generally careful would be unavailing if the testimony showed that his negligence in this instance contributed

2. Opinions of experts, when not competent evidence.

to the injury. Testimony of this character is no more admissible than an offer by the railroad company to show his want of care at the time of the accident by proving that he was negligent at other times, or generally careless. Exceptions are made in some cases where there are no eye-witnesses of the accident, and better evidence cannot be obtained as to whether the injured person exercised due care; but all the authorities hold such testimony to be inadmissible where the testimony of persons who witnessed the accident is available. (*Bryant v. Rld. Co.*, 56 Vt. 710; *Dunham v. Rackliff*, 71 Me. 345; *Hays v. Millar*, 77 Pa. St. 238; *Tenney v. Tuttle*, 1 Allen, 185; *McDonald v. Savoy*, 110 Mass. 49; *Chase v. Rld. Co.*, 19 Am. and Eng. Rld. Cases, 356; *Morris v. East Haven*, 41 Conn. 252; *Baldwin v. Western Rld. Co.*, 4 Gray, 333; *Cen. Rld. v. Roach*, 64 Ga. 635; *Chicago &c. Rld. Co. v. Clark*, 108 Ill. 113; same case, 15 Am. and Eng. Rld. Cases, 261; *Elliot v. Chicago &c. Rld. Co.*, 38 Am. and Eng. Rld. Cases, 62; 1 Greenl. Ev., § 84.)

Neither was the testimony introduced in regard to how railroad men should and do ascend the ladder of a box car relevant nor competent. The practice followed by others throws no light on the care used by Patterson in this case. It is not claimed that the opinions of experts are necessary in the case; and to allow testimony as to how others climbed the ladder, would be to create collateral issues as to the prudence of their conduct and to unnecessarily protract the trial. The question of whether Patterson was guilty of such negligence as would preclude a recovery, was an issue before the jury, and the practice or usage of others would not tend to prove care on his part; and such testimony should not have been received. (*Chicago &c. Rld. Co. v. Clark*, supra; *Lawrence v. Hudson*, 12 Heisk. 671; *Chicago &c. Rld. Co. v. Moranda*, 108 Ill. 576; *Rly. Co. v. Evansich*, 61 Tex. 3; *Bryant v. Rld. Co.*, supra; *Bailey v. New Haven &c. Co.*, 107 Mass. 496; *Koons v. Rld. Co.*, 65 Mo. 592; *Crocker v. Schureman*, 7 Mo. App. 358; *Cleveland v. Steamboat Co.*, 5 Hun, 523; Lawson on Usages, 328.)

3. Due care—
inadmissible
evidence.

To account for the fall, a witness, who was not present at the time, gave the following testimony:

"Q. You say you have passed over this road a great many mes?   A. I have.

"Q. And over this bridge?   A. Yes, sir.

"Q. Now, can you state to the jury, under the circumstances which surrounded Mr. Patterson there, whether or not there was any cause why he should have ascended that car with great speed and haste, and if so, what that cause was?   Explain to the jury.   A. Well, the way that man started in to go up the side of the car, he couldn't see the bridge when he started; and at the speed the train was running, and him climbing up the side of the car, by the time the engine struck the bridge he would be towards the top, and when he heard the thundering noise that the engine makes when it strikes a bridge, and he hurried to get on top of the car."

This testimony was given over the objection of the plaintiff in error. The witness was the conductor of another train, who was far away when Patterson fell from the box car. He did not know and could not state whether Patterson could see the bridge when he started to ascend the ladder, nor how far he had ascended when the bridge was reached; neither was he competent to state what causes operated on the mind of Patterson that led him to ascend the ladder with great speed and haste.

The admission of the incompetent testimony was error, for which the judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.