[14425. Department One. — May 23, 1893.]

## GEORGE W. TOWLE, Appellant, v. THE PACIFIC IMPROVEMENT COMPANY, Respondent.

Negligence — Careless Driving of Team — Action for Death — Evidence — Skill and Habitual Carefulness of Driver. — In an action to recover damages for the death of a person alleged to have been caused by the negligent driving of a team of horses by the defendant's servant, which ran over and killed the deceased, evidence that the driver was a good first-class driver, careful in handling horses, and that during the four years he had been in the defendant's employ he had never been guilty of any mismanagement or carelessness in the conduct or care of the team, is inadmissible.

Id. — Limitation of Rule as to Evidence of Skill. — The rule allowing evidence of careful habits and competent skill of a driver is limited to cases where the utmost care and diligence are required, and does not apply to cases where the defendant can be held liable only for want of ordinary care.

Id. — Ordinary Care in Driving Team. — The driver of a team of horses in the public highway is only bound to use ordinary care in the management of the team to prevent injury to a person traveling upon foot.

Id. — Burden of Proof — Rebutting Evidence. — The burden is on the plaintiff to prove that at the time of the accident the driver of the team was not exercising ordinary care, but was negligent in the management of the team, and that the injuries to the deceased were the direct result of that negligence; and this proof can only be overcome by counter-proof showing that the driver was exercising ordinary care in the management of the team at that time.

Appeal from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion.

*D. M. Delmas*, for Appellant.

The court erred in admitting evidence as to the skill and habitual carefulness of the defendant's driver. (*Hays* v. *Millar*, 77 Pa. St. 238; *Dunham* v. *Rackliff*, 71 Me. 345; *Jacobs* v. *Duke*, 1 Smith, E. D. 271; *Mertz* v. *Detweiler*, 8 Watts & S. 376; *O'Neil* v. *Dry Dock Co.*, 15 N. Y. Supp. 84; *McDonald* v. *Savoy*, 110 Mass. 49; *McCarty* v. *Leary*, 118 Mass. 509; *Heland* v. *Lowell*, 3 Allen, 407; 81 Am. Dec. 670; *Tenney* v. *Tuttle*, 1 Allen, 185; *Morris* v. *East Haven*, 41 Conn. 252; *Boick* v. *Bissell*, 80 Mich. 260; *Williams* v. *Edmunds*, 75 Mich. 92; *Propsom* v. *Leatham*, 80 Wis. 608; *Atlanta R'y Co.* v. *Newton*, 85 Ga. 517; *Chase* v. *Railroad Co.*, 77 Me. 62; 52 Am. Rep. 744; *Central etc. R. R. Co.* v. *Roach*, 64 Ga. 635; Deering on Negligence. sec. 407; 2 Thompson on Negligence, p. 804.)

*S. F. Geil*, and *H. V. Morehouse*, for Respondent.

The evidence was properly admitted. (*Ficken* v. *Jones*, 28 Cal. 618; *Boyce* v. *California Stage Co.*, 25 Cal. 468; 1 Thompson on Negligence, p. 513; *Vicksburg etc. R. R. Co.* v. *Patton*, 31 Miss. 157; 66 Am. Dec. 552.)

BELCHER, C. — The plaintiff brought this action to recover damages for the death of his wife, alleged to have been caused by the defendant's servant, by negligently causing or permitting a team of horses to run over her.

The defendant had judgment and the plaintiff appeals.

At the trial the defendant was allowed, over plaintiff's objection and exception, to introduce evidence that the defendant's driver, who was in charge of the team, was a good, first-class driver, careful in handling horses, and that during the four years he had been in the employ of defendant, he had never been guilty of any mismanagement or carelessness in the conduct or care of the team.

Whether or not this evidence was admissible is the only question presented for decision.

The law as to the admissibility of such evidence in cases of similar character is thus stated in Deering on Negligence, section 407: "Whether the act or omission of the defendant is actionable negligence is to be determined by the character of the act, or omission, and not by the defendant's character for care and caution. Evidence that the defendant is a careful, prudent, and cautious man, is inadmissible to negative his want of ordinary care. Upon the question of the negligence of the engineer at the time of the collision of two trains, evidence of the general incapacity of the engineer, or of his being subject to fits, is immaterial. The reputation of the driver of a horse and carriage is inadmissible in an action by the owner of another horse killed by a collision therewith." And in 2 Thompson on Negligence, page 804, it is said: "Evidence that the plaintiff was commonly a careful and skillful driver, is not admissible to show that when the accident occurred he was in the exercise of due care. The principle is that the question whether a person was at a given time in the exercise of due care is to be

resolved upon evidence of what took place at the time, and not upon evidence of the general character he may sustain."

The rule as above declared is supported by numerous decisions in other states, and we think it should be followed in this state. (See *Tenney* v. *Tuttle*, 1 Allen, 185; *McDonald* v. *Savoy*, 110 Mass. 49; *McCarty* v. *Leary*, 118 Mass. 509; *Jacobs* v. *Duke*, 1 Smith, E. D. 271; *Hays* v. *Millar*, 77 Pa. St. 238; *Dunham* v. *Rackliffe*, 71 Me. 345; *Chase* v. *Railroad Co.*, 77 Me. 62; 52 Am. Rep. 744; *Morris* v. *Town of East Haven*, 41 Conn. 252; *Williams* v. *Edmunds*, 75 Mich. 92; *Boick* v. *Bissell*, 80 Mich. 260; *Propsom* v. *Leatham*, 80 Wis. 608; *Central R. R. Co.* v. *Roach*, 64 Ga. 635; *Atlantic R. R. Co.* v. *Newton*, 85 Ga. 517.) But whatever may be the rule elsewhere as to the admissibility of such evidence, it is claimed for respondent that, under the decisions of the supreme court of this state, it must be held admissible here; and in support of this position counsel cite *Boyce* v. *California Stage Co.*, 25 Cal. 468, and *Ficken* v. *Jones*, 28 Cal. 618.

The first of these cases was an action to recover damages for injuries to the plaintiff by the overturning of a stage coach in which he was a passenger. The law applicable in such cases to carriers of passengers for hire was declared; and, among other things, it was said that to maintain the action it was only necessary for the plaintiff to prove the overturning of the coach and the injuries caused thereby; that the presumption then arose that the overturning occurred through the negligence of the coachman, and that in order to rebut this presumption the defendant must show that the overturning was the result of inevitable casualty, or of some cause which human care and foresight could not prevent; and that when the pleadings center all the negligence upon the driver, the law requires the defendant to show that he was not only a careful and skillful driver, but that he used that care and skill to the best of his ability on the occasion in question.

The second case cited was an action to recover damages for personal injuries caused by the negligent driving of cattle through the streets of San Francisco. It was held that the driving of cattle through the streets of a city was a highly dangerous business by which the lives and limbs of human

beings were placed in peril, and that, therefore, "the law requires of the proprietors and managers of that business the utmost case and diligence"; that when it was shown that a person lawfully in the street was injured by the cattle so driven without any fault on his part, a case of *prima facie* negligence was made out and the burden was cast on the defendant of showing that he was not at fault.   The court said: "As it was incumbent on the defendants in order to overcome the *prima facie* case made out against them to establish that the injury to the plaintiff did not result from want of due care and skill on their part, they should have been permitted to have shown in the first place the important fact that Jones was competent, careful, and skillful in the conduct and management of that kind of business. . . . . The rule of law governing in the case under consideration rests for its foundation on the same principle as that by which the duties and liabilities of the carriers of passengers are governed.   In the one case the proprietor of the business must exercise the care, circumspection, and skill which is characteristic of cautious persons where the lives and limbs of human beings are liable to injury from exposure to the fury of excited cattle; and in the other the carrier is to convey his passenger safely and securely; and, because of the value of human life and limbs, the law requires the utmost degree of care and skill in the preparation and management of the means of conveyance, and will hold the proprietor liable for the slightest negligence. . . . . In such case it is well settled to be competent for and incumbent on the defendant to show that those in charge of and conducting the business were persons of good and careful habits and competent skill, and also whatever else is necessary to establish the fact of the utmost care and prudence on the defendant's part."

It is evident from the above brief review of those cases that they are not in point here.   They state correctly the law applicable to cases where the *utmost* care is required and where the defendant is held liable for injuries resulting from the slightest *negligence.*   The rule declared, however, does not apply to cases where the defendant can be held liable only for a failure to exercise ordinary care; and this distinction seems to be recognized by the cases cited.   Here the driver of defendant's team

was only required to exercise ordinary care in the management of the team, and the burden was on the plaintiff to prove that at the time his wife was injured the driver was not exercising such care, but was negligent, and that her injuries were the direct result of that negligence. This proof, if made, could only be overcome by counter-proof showing that the driver was not negligent, but was exercising ordinary care in the management of the team at that time.

It follows, in our opinion, that the evidence objected to was inadmissible, and that the court erred in receiving it. We advise, therefore, that the judgment and order appealed from be reversed and the cause remanded for a new trial.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for a new trial.

GAROUTTE, J., HARRISON, J., McFARLAND, J.

Hearing in Bank denied.