[L. A. No. 181.    Department One.—January 14, 1897.]

# DAVID CUNNINGHAM, an Infant, etc., Respondent, v. LOS ANGELES RAILWAY COMPANY, Appellant.

Negligence—Injury to Infant by Electric Railway Car—Instruction—Inexperience of Motorman—Error—Question of Ordinary Care.—In an action against an electric railway company to recover damages for injuries received by an infant plaintiff from being knocked down and run over by one of the cars of the company, by reason of its alleged negligence, where there was no direct issue upon the employment of an incompetent servant, an instruction to the jury that, in determining whether the defendant was negligent in not stopping its car so as to avoid the injury, they had the right to take into consideration the fact, in evidence, that the motorman "had only been at work about twelve days," and "was a new hand on the road," is erroneous, the defendant not being responsible for slight negligence, but only for a want of ordinary care, and the question whether it was in the exercise of such care must be determined from a consideration of what actually occurred at the time of the alleged negligent act, regardless of any fact affecting the general character of the servant for skill or proficiency in the discharge of his duty, which fact should not have been submitted to the jury.

Id.—Duty of Company to Provide for Safety—Deficient Instruction—Omission of Qualification—Ordinary Care.—An instruction to the jury, in such action, that it was the duty of a person or company operating an electric railway upon the streets of a city to provide "proper cars and appliances, and to provide safe, skillful, watchful, and competent agents or servants to manage the same" is deficient in not further charging that, in performing such duty, the defendant, so far as its obligation to the plaintiff was concerned, was only called upon to exercise ordinary care, and an instruction given on behalf of the defendant as to the degree of care required of its servants, is not the equivalent of such qualification.

Id.—Action of Infant Plaintiff—Improper Instruction—Duty of Parents to Keep Attendant with Young Child—Question for Jury.—In an action for negligence brought by an infant plaintiff, aged eighteen months, an instruction to the jury that the law does not require parents to keep an attendant with their young children, and that they are not required to shut them up, is improper, the question whether such precautions are necessary, under any given circumstances, to constitute ordinary care for the safety of their children, with which parents are charged, being one of fact for the jury, and not for the court to determine as matter of law.

Id.—Contributory Negligence of Parents—Avoidance of Injury—Question for Jury.—Assuming the contributory negligence of the parents of a young child run over by an electric railway car, nevertheless the question whether, notwithstanding such negligence, the de-

fendant could have avoided the injury, when fairly involved in the evidence, is a proper one for the jury.

ID.—PLEADING—DEMURRER TO COMPLAINT—AVERMENT OF NEGLIGENCE—GENERAL FACTS—CERTAINTY.—In a complaint in an action for negligence, an averment of the facts constituting the negligence, in general terms, is sufficient, the more specific facts being generally more largely within the knowledge of the defendant than that of the plaintiff; and a demurrer to such a complaint on the ground of uncertainty is properly overruled.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*Bicknell & Trask,* and *John D. Pope,* for Appellant.

The special demurrer to the complaint should have been sustained upon the grounds of uncertainty and ambiguity, as the allegations were general. (*Stephenson* v. *Southern Pac. Co.,* 93 Cal. 558; 27 Am. St. Rep. 223.) Whether or not a person, at a given time, was in the exercise of ordinary care, is to be determined by what took place at the time. (*Towle* v. *Pacific Imp. Co.,* 98 Cal. 342.) The question as to whether parents are required to " shut up a child " is for the jury, and not for the court to determine. (*Shea* v. *Potrero etc. R. R. Co.,* 44 Cal. 414.)

*Murphey & Gottschalk,* for Respondent.

A general allegation of negligence is sufficient in an action to recover damages resulting from the alleged negligence of the defendant, and negligence is an ultimate fact and not a conclusion of law. (*House* v. *Meyer,* 100 Cal. 592; *Davies* v. *Oceanic S. S. Co.,* 89 Cal. 280; Bliss on Code Pleading, sec. 211.) Where the matter is peculiarly within the knowledge of defendant, ambiguity is not a ground of demurrer of which defendant can avail himself. (*Doe* v. *Sanger,* 78 Cal. 150.) The instructions must be read and construed together as one charge. (*Monaghan* v. *Pacific Rolling Mlil Co.,*

81 Cal. 190; *Davis* v. *McNear*, 101 Cal. 606; *Nichol* v. *Laumeister*, 102 Cal. 658; *People* v. *Bruggy*, 93 Cal. 476; *Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143.) It is common knowledge that children will run away from their homes and go upon the street, and motorneers of street-cars must look out for them, and if they do not, and injure the child, the employer should make the injury good. (1 Thompson on Negligence, sec. 3, p. 398.) A car company must employ competent and reliable servants, and provide safe machinery and appliances. (23 Am. & Eng. Ency. of Law, 1020, 1021.) In the case of children, drivers are charged with notice of their incapacity. (23 Am. & Eng. Ency. of Law, 1026; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 447.) Drivers of street-cars should at all times have the power which propels the car under control, and so make use of their control as to avoid injury whenever possible. (23 Am. & Eng. Ency. of Law, 1020, 1021; *Wall* v. *Henena Street R. R. Co.*, 20 Pac. Rep. 721; *Weissner* v. *St. Paul etc. Ry. Co.*, 47 Minn. 468; *Rosekrans* v. *Lindell Ry. Co.* (Mo.), 18 S. W. Rep. 890.) There was no error in instructing the jury that parents are not required to shut a child up, or employ an attendant to be with the child every moment it is awake. (*Pittsburg etc. Ry. Co.* v. *Pearson*, 72 Pa. St. 169; *Karr* v. *Parks*, 40 Cal. 188; *Barrett* v. *Southern Pac. Co.*, 91 Cal. 296; 25 Am. St. Rep. 186; *Fallon* v. *Central Park etc. R. R. Co.*, 64 N. Y. 13.)

VAN FLEET, J.—Plaintiff, an infant of eighteen months, escaped from the premises of its parents into the public street, and went upon the track of defendant's electric railway, running thereon, and was knocked down and injured by one of its cars. He brought this action to recover damages for the injury, alleging negligence by defendant in running over him. From a judgment in his favor, and an order denying defendant's motion for a new trial, the latter appeals.

The jury were instructed that, in determining whether the defendant was negligent in not stopping its car so

as to avoid the injury, they had the right to take into consideration the fact that the motorman "had only been at work about twelve days, according to his own testimony, and was a new hand on the road."

There was no direct issue upon the question whether the defendant had been guilty of employing incompetent servants; the question being whether the plaintiff was injured through the actual negligence of defendant's servants on the occasion in question; but the fact adverted to in the instruction had incidentally appeared in the cross-examination of the motorman, when examined as a witness for defendant.

It is objected that the instruction was erroneous, as submitting to the jury an element which could have no competent bearing upon the question whether defendant was guilty of the degree of negligence with which it was chargeable under the circumstances of the case; and this objection must, we think, be sustained.

Defendant was responsible to plaintiff for a want of ordinary care only, and whether it was in the exercise of such care was to be determined from a consideration of what actually occurred at the time of the alleged negligent act, regardless of any fact affecting the general character of the servant for skill or proficiency in the discharge of his duty. The question was, Did the servant exercise ordinary care to avoid the injury? If he did, the plaintiff could not recover, no matter how wanting the servant may have been in general competency; while if he did not exercise such care, plaintiff was entitled to recover, even if the servant possessed the utmost degree of efficiency and skill in the performance of his duty. The sole question, therefore, was, What was the conduct of the servant at the time? and this was to be unembarrassed by any consideration of his general qualifications. The latter consideration is proper where the defendant is required to exercise the highest or utmost degree of care, and is held responsible for *slight* negligence. (*Boyce* v. *California Stage Co.*, 25 Cal. 468; *Ficken* v. *Jones*, 28 Cal. 618.) In such a

case the inquiry becomes pertinent; but not here. (Deering on Negligence, sec. 407; 2 Thompson on Negligence, 408; *Jacobs* v. *Duke*, 1 E. D. Smith, 271; *Chase* v. *Maine Cent. R. R. Co.*, 77 Me. 62; 52 Am. Rep. 744.) These principles have been expressly approved and followed by this court. (*Towle* v. *Pacific Imp. Co.*, 98 Cal. 342; and see the large number of citations there made.)

The court also charged the jury that it was the duty of a person or company operating such a road upon the streets of a city to provide "proper cars and appliances, and to provide safe, skillful, watchful, and competent agents or servants to manage the same."

This is complained of, as requiring more than ordinary care at the hands of defendant; that to require it to provide *safe* servants is, in effect, to make it an insurer of their character for fitness; while, as to plaintiff, it is not such.

It is undoubtedly the duty of one engaged in the business of defendant to provide the character of servants defined in the instruction, and none other; but in performing that duty the defendant, so far as its obligation to the plaintiff is concerned, was only called upon to exercise ordinary care; and the jury should have been so informed. The instruction was deficient in this qualification. Nor do we think the instruction given on behalf of defendant, as to the degree of care required of its servants, the equivalent of such qualification.

We think the court should have refrained from charging that the law does not require parents to keep an attendant with their young children; and that they are not required to shut them up. While, abstractly speaking, these things are perfectly true, the question of whether such precautions are necessary, under any given circumstances, to constitute ordinary care for the safety of their children, with which parents are charged, is one of fact for the jury, and not for the court to determine as matter of law. It is not unlikely that this instruction may have had a material bearing, to the prejudice of defendant, upon the determination by the jury

of the question of contributory negligence of the parents which the answer raised.

We find no further material departure from a proper submission of the case in the instructions.

The criticism that by the instruction that it was the duty of the motorman to use "proper caution" in the conduct of his motor, the jury were authorized to hold him to a higher degree of care than required, is not tenable. The language was qualified and limited by the further charge that the degree of care or caution required to be exercised was only ordinary care.

A careful review of the evidence satisfies us that the contention that there was not sufficient evidence to convict the defendant of any negligence cannot be sustained. We regard the evidence on the question as to whether the car could, by the exercise of ordinary care, have been stopped in time to avoid contact with the plaintiff as substantially conflicting.

Upon the question of contributory negligence by plaintiff's parents, assuming that such negligence clearly appears, nevertheless, the question whether, notwithstanding such negligence, the defendant could have avoided the injury, was fairly involved in the evidence, and the case in that regard was a proper one for the jury.

The demurrer to the complaint was properly overruled. While the negligence was averred in general terms, such mode of presenting the facts is sufficient in this character of action, where, as a general thing, the more specific facts are more largely within the knowledge of the defendant than that of the plaintiff; and the complaint cannot, therefore, be held open to the objection of uncertainty. (*House* v. *Meyer*, 100 Cal. 592; *Davies* v. *Oceanic S. S. Co.*, 89 Cal. 280; Bliss on Code Pleading, sec. 211; *Doe* v. *Sanger*, 78 Cal. 150.)

For the errors above pointed out the judgment and order must be reversed and a new trial granted. It is so ordered.

Harrison J., and Temple, J., concurred.