# LUIS CAMACHO GARCIA

*v.*

# JESUS RODRIGUEZ.

San Juan, Law, No. 1364.

### ALLEGATIONS OF NEGLIGENCE.

Pleading—Negligence.

> 1. Under codes of procedure, negligence is itself an ultimate fact to be pleaded, and is not a mere conclusion of law.

Personal Injury—Care by Plaintiff.

> 2. It is not necessary, in a suit between strangers, to plead that a plaintiff was in the exercise of due care.

Opinion filed February 3, 1920.

*Messrs. Francis & De La Haba* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case alleges—

"That on or about October 31, 1919, at about 9 o'clock in the evening and while the plaintiff was performing his official duties as a member of the insular police force, and stationed at the intersection of Allen and Tanca streets, in San Juan, Porto Rico, the defendant, Jesus Rodriguez, who was approaching said intersection of Allen and Tanca streets, in the afore-

Garcia v. Rodriguez.

said automobile, drove, handled, and directed his automobile so negligently and so carelessly upon arriving at said intersection, that the said automobile collided with the plaintiff herein, causing the plaintiff severe wounds and injuries."

The demurrer is—

"1. That the complaint does not sufficiently describe the circumstances connected with the alleged accident to enable the defendant to intelligently answer the same; in other words, that there is no actual showing of negligence on the part of the defendant.

"2. That the complaint does not show that the plaintiff was in the exercise of reasonable care or caution at the time of the happening of the said accident."

1. This brings up the question of what is needed in the allegation of personal injury by negligent act of another. As a rule at common law no greater particularity is required than the nature of the thing pleaded will conveniently admit. Stephen, Pl. 367. Thus, less particularity is required when the facts lie more in the knowledge of the opposite party. Stephen, Pl. 370. This principle must necessarily apply in a case where a plaintiff claims to have been run down by an engine or by an automobile. Usually the automobile is going fast, and the man injured cannot be expected to know precisely what it was in its management which caused it to run over him. Physically he is not in condition to observe or to recollect, while, on the other hand, the defendant ought to know all about it. This is but following the rule at common-law pleading as to negligent driving in general, where it is not necessary to set out in detail the facts constituting the basis of the action. An approved form is to the effect "that defendant so negligently drove his horse and

carriage that the same struck against the plaintiff," whereby the damage claimed resulted. The subject has been well covered in California, where the system of code pleading is practically the same as that in Porto Rico. It is there said:

"In adopting what is known as the code system of pleading, courts in most of the states have excepted from the general rule, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded upon negligence; or rather, they have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting such negligence. This modification of a rule of code pleading is founded in wisdom. . . . In cases of negligence the sufferer may only know the general, the immediate, cause of the injury, and may be entirely ignorant as to the specific acts or omissions which lead up to it. Bliss, in his work on Code Pleading, at § 308, gives the following illustration: 'The driver upsets a stagecoach and breaks a passenger's arm; careful driving will hardly have such a result; the passenger knows there has been negligence, but he may not know in what it consisted. The driver may have been drunk and asleep; he may have so harnessed the horses that they would not obey the rein, or may have made them unmanageable by improper treatment. The plaintiff can only prove that the coach was turned over; the presumption is that it was the result of negligence; if not, the defendant can show it.'

"The term 'negligence' for the purpose of pleading is a fact to be pleaded,—an ultimate fact, which qualifies an act otherwise not wrongful. Negligence is not the act itself, but the fact which defines the character of the act, and makes it a legal wrong. The absence of care in doing an act which pro-

Garcia v. Rodriguez.

duces injury to another is actionable. The term 'negligence' signifies and stands for the absence of care. 'Negligence is the ultimate fact to be pleaded, and it forms part of the act from which an injury arises. . . . It is the absence of care in the performance of an act, and is not merely the result of such absence, but the absence itself, and it is not, therefore, a mere conclusion of law, and may be pleaded generally.' Louisville & N. R. Co. v. Wolfe, 80 Ky. 84.

"As a result of the application of these principles to code pleading in cases of negligence, and to others of kindred character, it is held in this state, and in nearly all of the United States, that it is sufficient to allege the negligence in general terms, specifying, however, the particular act alleged to have been negligently done. Thomp. Neg. 1246." Stephenson v. Southern P. Co. 102 Cal. 143, 34 Pac. 618. To the same effect is Cunningham v. Los Angeles R. Co. 115 Cal. 561, 562, 47 Pac. 452, 1 Am. Neg. Rep. 8.

2. Defendant alleges that plaintiff must show that he himself was in the exercise of due care, and relies upon Morales v. Central Machete, 9 P. R. R. 117. That case, however, was one brought by an alleged employee against his employer, and the opinion of the court expressly follows the requirement of the local employer's liability law, that in such cases the plaintiff must show that he himself was careful. This is not the law in regard to accidents between strangers, and, if it was, care will be presumed in the present instance from the fact that the plaintiff is alleged to be a policeman in the discharge of his duty at the time. He could not have been in the discharge of the duty of a policeman and be guilty of negligence.

The complaint, therefore, seems to be good, and the demurrer is overruled.

It is so ordered.