[Civ. No. 20922. Second Dist., Div. One. Oct. 31, 1955.]

HARRY CORSETTO et al., Plaintiffs and Appellants, v. PACIFIC ELECTRIC RAILWAY (a Corporation), Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Alvin E. Honoroff and Leonard G. Ratner for Plaintiffs and Appellants.

C. W. Cornell, O. O. Collins, Clyde C. Berry and E. D. Yeomans for Defendant and Appellant.

WHITE, P. J.—A jury awarded plaintiffs, husband and wife, damages for personal injuries sustained by them as the result of a collision between an automobile in which they were riding, driven by plaintiff husband, and a streetcar operated by defendant Pacific Electric Railway. Defendant moved for a new trial upon the grounds, (1) excessive damages appearing to have been given under the influence of passion and prejudice; (2) insufficiency of the evidence to justify the verdict, and (3) errors of law occurring at the trial prejudicial to said defendant. The motion was granted solely on the last-named ground. From that order plaintiffs prosecute this appeal while defendant has filed a cross-appeal from the judgment in favor of plaintiffs.

By their complaint plaintiffs alleged that their injuries were the result of negligence on the part of defendant and its employee who was operating the streetcar. Defendant's answer denied negligence and affirmatively pleaded contributory negligence on the part of plaintiffs and unavoidable accident.

The record reflects that the accident occurred on May 11, 1953, at about 1:15 p. m. when plaintiffs were driving east on Palo Alto Street in the city of Los Angeles in a light pickup truck. Mr. Corsetto was then 74 years of age and Mrs. Corsetto was 55 years old. Harry Corsetto, the driver, made a complete boulevard stop when he reached the intersection of Palo Alto and Glendale Boulevard. Plaintiffs both looked to the south and observed the traffic on Glendale Boulevard, including a northbound streetcar, was stopped at the intersection of Glendale Boulevard and Temple Street. They looked to the north toward Bellevue and saw only a

small truck some distance away driving south on Glendale Boulevard. They then proceeded to drive into the intersection of Palo Alto and Glendale for the purpose of making a left turn into Glendale. Glendale Boulevard at this point has two sets of parallel streetcar tracks running down the middle of the street. As plaintiffs approached the middle of the intersection they noticed that the northbound traffic on Glendale Boulevard had begun to move north from Temple Street. Harry Corsetto thereupon stopped his truck in the middle of the intersection on the southbound streetcar track to permit the northbound traffic to pass in front of them.

As he reached the middle of the intersection, he saw, for the first time, a streetcar on the southbound tracks of Glendale Boulevard at Bellevue about 550 feet away. This streetcar made a full stop at Bellevue to discharge passengers. The northbound traffic, including the streetcar, proceeded to pass in front of the plaintiffs, and they were then struck by the southbound streetcar which had proceeded south from Bellevue. The southbound streetcar came to a stop 50 to 75 feet south of the point of impact. The force of the impact spun plaintiffs' truck completely around and hurled it across the intersection, over the curb, up a 10- or 15-foot embankment, through a fence and into a tree. Plaintiff, Harry Corsetto, was dragged this distance half in and half out of the truck. The truck moved a distance of 120 to 150 feet.

As to these and other surrounding facts and circumstances occurring immediately prior and up to the moment of impact the evidence was in conflict, but since insufficiency of the evidence is not specified in the order granting a new trial, it is conclusively presumed that the order was not based on that ground (Code Civ. Proc., § 657) and because of the conclusion at which we have arrived as to the correctness of the order on the ground therein stated we deem it unnecessary to set forth in detail the evidence adduced at the trial.

Upon an appeal from an order granting a new trial all presumptions favor the order as against the judgment, and the order will be affirmed if it may be sustained on any ground (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]).

We are satisfied that the order granting a new trial was proper because of erroneous rulings by the court in admitting evidence, over objection, of the inexperience of respondent's motorman.

During the cross-examination of the motorman Bair, who

was operating the streetcar involved in the accident, the following questions were propounded and answers thereto given:

"Q. And you had started on your own about 10 days before that?

"Mr. Yeomans (Attorney for defendant): I object to the question as incompetent, irrelevant and immaterial.

"The Court: Well, it may be relevant. The objection is overruled.

"The Witness: Approximately two weeks.

"Q. By Mr. Honoroff (Attorney for plaintiffs): You had begun to work for the Pacific Electric the end of March as a trainee? A. Yes.

"Mr. Yeomans: I would like to object to that, too, and ask to have it stricken, and I wonder if I can have an understanding that to all these questions I have a running objection?

"The Court: What is your objection?

"Mr. Yeomans: That it is incompetent, irrelevant and immaterial.

"The Court: The objection is overruled. Your objection on that ground may be deemed denied.

"Q. By Mr. Honoroff: Your experience driving alone on the date of this accident, then, was about two weeks in total? A. On my own, yes.

"Q. Prior to your employment with the Pacific Electric, you had never operated a streetcar before that time? A. No."

In the argument to the jury, appellants' attorney made the following comments as to this evidence:

"I believe that one of the witnesses, Miss Bruce, said that he put up a card 'Take the Next Car' but whether it was because he was in a hurry, or whether it was because the Pacific Electric Company had let a man work possibly a little too soon without having another employee there with him—he had only been alone for about two weeks—whether he had been going possibly a little too fast, or was inattentive, these are the possibilities. We know from the statements of the witnesses that he had ample opportunity, if he was being careful, to bring his streetcar to a stop."

"With regard to the fact that this streetcar weighs 32 tons, I agree with that. It is a tremendous amount, and certainly the company, the defendant company, is aware of that when they entrust it alone to a man who has had two weeks of experience by himself."

The complaint herein contained no allegation as to negli-

gence of respondent in the training or employment of the motorman. The great weight of authority supports the rule that in actions of this kind the competency of the person claimed to have acted negligently, or his reputation for care, is not a subject of inquiry. The ultimate question was whether the motorman exercised ordinary care to avoid the accident and injuries to appellants. No matter how wanting the motorman may have been in general competency, if he did on the occasion here involved, exercise ordinary care, plaintiffs could not recover, while if he did not exercise such care, then, even though the motorman was possessed of the utmost degree of efficiency and skill in the control and operation of a street-car, plaintiffs were entitled to recover. Therefore, the sole question was the conduct of the motorman at the time of the accident in question. (*Towle* v. *Pacific Imp. Co.*, 98 Cal. 342, 343, 344 [33 P. 207]; *Cunningham* v. *Los Angeles Ry. Co.*, 115 Cal. 561, 564 [47 P. 452]; *Langford* v. *San Diego Elec. Ry. Co.*, 174 Cal. 729, 732, 733, 734 [164 P. 398]; *Strandt* v. *Cannon*, 29 Cal.App.2d 509, 520 [85 P.2d 160].) Appellants insist that in the cases just cited it was held error to *instruct* the jury that the general competency of a driver may be considered in determining his negligence in a particular case, while in the present proceeding the jury was in no way instructed that the general competency of the motorman, the extent of his previous experience, or the length of his service should be considered in determining his negligence in this particular case. That in the case at bar the instructions clearly advised the jury that the appellants were burdened with the duty of proving that the conduct of the motorman *at the particular time and place* was negligent. But the answer to this suggestion is that the natural effect of testimony of incompetency is to lead the jury to infer that the person whose conduct is in question failed to act properly at the time and in the very matter under investigation. Regardless of the instructions, the jury had before it and was entitled to consider the foregoing evidence improperly admitted. Whether they did or not, we are of course unable to say, but under the law, respondent was entitled to have the evidence limited to an examination of the conduct of the motorman at the very time in controversy. The challenged evidence in the case now engaging our attention was no more admissible than would be evidence that a motorman was experienced and commonly a careful and skillful operator of streetcars, to show that when the accident occurred he

was exercising due care. While evidence of the character here complained of would be admissible in cases where the *utmost* care is required and where the defendant is held liable for injuries resulting from the *slightest* evidence, such a rule does not apply to cases like the one at bar, where the defendant can be held liable only for a failure to exercise ordinary care (*Towle* v. *Pacific Imp. Co., supra,* p. 345). Other grounds urged to justify the order need not be discussed.

For the foregoing reasons the order is affirmed.

Doran, J., and Drapeau, J., concurred.