[Civ. No. 5502.   Fourth Dist.   Jan. 14, 1957.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Appellant, v. J. P. LOUBET COMPANY (a Partnership), Respondent.

George C. Hadley and Richard L. Franck for Appellant.

Shaw & Barnett for Respondent.

MUSSELL, J.—This is an action brought by the State of California to recover damages for the destruction of one of its bridges, alleged to have been caused by defendant's truck and trailer. The first trial of the action resulted in a verdict for plaintiff. A new trial was granted on all issues and a second trial resulted in a verdict for defendant. Plaintiff appeals from the judgment thereupon entered for defendant.

The bridge involved was located on United States Highway 99, about 18 miles south of Indio, in Riverside County. The concrete highway at that point runs generally north and south, is straight and level, and there is no obstructed visibility for a considerable distance north and south of the bridge.

Defendant's truck and trailer, loaded with approximately 22 tons of baled hay, left an inspection station approximately 35 miles south of the bridge at about 11:30 p. m. on the night of January 20, 1950. The driver, Sidney Charles Thomas, and his helper, Cruz Gomez, were driving the truck and trailer in a northerly direction on Highway 99 when the truck gradually crossed the center line of the highway into the southbound traffic lane, ran into the oiled shoulder of the highway, collided with the southwest wing of the bridge and rolled off the bank into the stream bed. The trailer came to rest on its wheels and the truck was upside down. When the

California Highway Patrol officers arrived at the scene, approximately one hour after midnight, they found the bridge, its understructure, the truck, the trailer and the baled hay all burning. The fire burned for several hours and was finally put out by the Division of Forestry. The driver of the truck, Sidney Charles Thomas, and his helper, Cruz Gomez, were both dead when the officers arrived and there were no eye witnesses to the accident. The bridge was destroyed as a useable structure and this action was brought to recover the replacement cost thereof.

Appellant contends that the verdict is not supported by proper evidence; that the doctrine of res ipsa loquitur is applicable and that the negligence of defendant is therefore inferred. ■ However, since the driver of the truck and his helper were both killed in the accident, defendant was entitled to the presumption of due care. ■ In *Scott* v. *Burke*, 39 Cal.2d 388, 398, 399 [247 P.2d 313], the court, in discussing the weight to be given to inferences and presumptions, said:

"The res ipsa loquitur doctrine raises 'an inference of negligence, not a presumption.' (*Anderson* v. *I. M. Jameson Corp.* (1936), 7 Cal.2d 60, 66 [59 P.2d 962].) ■ However, just as either an inference or a presumption may outweigh positive evidence adduced against it by the opposing party, so may either outweigh the other; i. e., it is for the trier of fact to determine under the circumstances of each case whether to give greater weight to an inference than to a disputable presumption which conflicts therewith, or vice versa. . . .

"Thus, it may be stated as a legal concept that it was for the jury, in the light of all the circumstances of the case in evidence before them, to determine whether greater weight should be given to the res ipsa loquitur inference or to the presumptions of innocence and due care which conflicted with such inference. More accurately what that legal concept means—and exactly what its application in the instant case means—is this: That under appropriate circumstances, such as appear in this case, both the res ipsa loquitur inference and the disputable presumptions of innocence and due care are elements tending towards proof to be considered by the trier of facts; and that it is the function of the trier of facts to determine in the light of all the evidence in the case, including the opposing inferences and presumptions, whether the proof preponderates in favor of one party and against another, or is evenly balanced, and thereupon to resolve the issues in accordance with the rules relating to the burden of proof."

In the instant case it was the function of the jury to determine, in the light of all the evidence in the case, including the opposing inferences and presumptions whether the proof preponderated in favor of one party and against the other or was evenly balanced, and to resolve the issues in accordance to the rules relating to the burden of proof. Plaintiff contends that the evidence is consistent with its theory that the driver of the truck was either asleep or negligently inattentive.

However, evidence was introduced showing the activities of the driver and his helper during several hours prior to the accident and the jury could infer therefrom that the driver was not asleep at the time of the accident. The record is silent as to what caused the truck to cross to the west side of the highway and strike the bridge, and we cannot hold that the verdict of the jury was unsupported by the evidence under the circumstances shown.

Appellant contends that the court erred in admitting testimony as to the past experience of Sidney Charles Thomas as a truck driver. In this connection, Bernard Loubet, one of the partners of defendant company, testified that Thomas and Gomez were working for him in 1950; that Thomas had been an employee about four months and Gomez for 10 years; that he had known Thomas practically all his life and that Thomas worked for his (Thomas's) father as a truck driver; that Gomez had about 15 to 18 years' experience as a truck driver. A witness, Cummins, testified that he had known Thomas for many years and that Thomas had worked for his (Thomas's) father hauling hay for three or four years. It does not appear that the admission of the testimony that Thomas had worked for his father hauling hay for three or four years amounted to prejudicial error. In *Towle* v. *Pacific Imp. Co.*, 98 Cal. 342 [33 P. 207], cited by plaintiff, the judgment in favor of the defendant was reversed because of error in admitting evidence that defendant's employee "was a good, first-class driver, careful in handling horses, and that during the four years he had been in the employ of defendant, he had never been guilty of any mismanagement or carelessness in the conduct or care of the team." While the rule is in actions of this kind that the competency or incompetency of the truck driver or his reputation for care is not the subject of inquiry, there was no testimony in the instant case as to whether Thomas was a first-class driver or that he had at other times been careful or careless in the handling of trucks.

Appellant further contends that it was denied its right to

impeach and rebut respondent's witness Loubet when on cross-examination he volunteered the information that the deceased driver had a chauffeur's license at the time of the accident. This statement of the witness was stricken out by the court and the jury was instructed to treat it as if they had never heard it. ▆▆ Furthermore, the negligence of the driver is to be determined by the facts existing at the time of the accident and it was immaterial whether he had a license to operate the truck when no causal relationship between the accident and the failure to have such a license existed. (*Strandt* v. *Cannon,* 29 Cal.App.2d 509, 518 [85 P.2d 160].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.