## THE KAW VALLEY FAIR ASSOCIATION v. GEORGE W. MILLER.

1. TORT — *Damages* — *Tender*.   No tender for damages arising in tort
was allowed at common law.

2. RULE, *Modified* — *Costs* — *Practice*.   This rule has been modified by
the provisions of § 523 of the civil code, so that a defendant in an
action for damages arising in tort may, in his answer, offer to con-
fess judgment for a specified sum, and if judgment be not recovered
for a larger amount, a judgment for costs of the action which ac-
crued after the filing of the answer should be rendered against plain-
tiff, and all costs made before the filing of the answer should be taxed
against defendant.

*Error from Pottawatomie District Court.*

ACTION to recover damages for trespass.    The *Association*
complains of a judgment for costs against it, rendered at the
September term, 1887.    The facts appear in the opinion.

*Hagan & Mackay*, and *L. H. Finney*, for plaintiff in error.

*D. V. Sprague*, for defendant in error.

Opinion by HOLT, C.:  The plaintiff brought its action
under chapter 113, Comp. Laws of 1885, asking for treble
damages for a trespass upon its property.    Before the action
was commenced the defendant tendered the plaintiff, through
its proper officers, $40, and in his answer says he brings said
sum into court.    Upon the trial a judgment was rendered in

favor of plaintiff for $40 damages, and for the defendant and against plaintiff for the costs. Of this judgment for costs the plaintiff complains. He contends that no tender is allowed for torts. It is well settled at common law that a tender could not be pleaded for a tort where the action was brought for the recovery of unliquidated damages. Tender was allowed on contracts where there was no stipulation of the amount one party might owe the other, but where one has suffered from a wrong he should not be put to expense because his adversary can make a better guess of the amount the jury may award. This is the reason given why there could be no tender in an action arising in tort. (7 Wait's Actions and Defenses, p. 577; *Green v. Shurtliff*, 19 Vt. 592; Sedgwick on Damages, 7th ed., p. 618.) But in this case the defendant avers in his answer that he brings that amount into court, and under this pleading a judgment might have been rendered in favor of the plaintiff for $40, and the costs would have followed such judgment.

Our statute provides (§ 523, chapter 80, Comp. Laws of 1885): ·

"The defendant in an action for the recovery of money only may at any time before the trial serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein."

The answer of the defendant in this case is certainly an offer in writing to allow judgment to be taken against him for $40. It was not necessary that it be served upon the defendant when it is a part of the pleadings in an action of which the plaintiff was bound to take notice. In *Clippenger v. Ingraham*, 17 Kas. 586, it was held that § 523 had application to an action in tort as well as one on contract. Clippenger brought a civil action against Ingraham for assault and battery. Ingraham answered by a general denial, and afterward served a notice that he would allow judgment to be taken against him for $10. Upon a hearing the jury found in favor of the plaintiff, and assessed his damages at $2. In discussing the question of whether a judgment for

costs in favor of Clippenger and against Ingraham in that case was correct, Judge VALENTINE says:

"Is not this an action for the recovery of money only? If it is not, then what else does the plaintiff ask to recover? It is certainly not an action for the recovery of any specific real or personal property, or to enforce a lien, or to compel specific performance, to set aside any instrument or proceeding, nor for an injunction, *mandamus*, or *quo warranto*, nor for divorce, nor for any other specific relief aside from the recovery of money."

From the time, at least, that this answer was filed in court, the plaintiff should be adjudged to pay all costs of the action, for the reason he did not recover a greater amount than that offered in the pleadings. We think, however, that the costs accrued before the filing of defendant's answer should be paid by him. Section 523 has application only after the action has been begun, and the rule of the common law that no tender should be allowed for torts is modified by the statute to this extent; after an action has been begun there could be an offer to confess judgment made in such action. It is apparent from the wording of the statute that this is all that was intended. It is: "The defendant in an action may at any time before the trial serve upon the plaintiff or his attorney an offer to allow judgment." These are the terms that are used after the beginning of suit, the attorneys have been employed, and a judgment prayed for. Further in the same section it is provided that the plaintiff shall give notice to the defendant or his attorney, and if he accepts, that it may be filed and the offer and acceptance may be noticed in the journal, and judgment should be rendered accordingly. These terms have reference only to an action pending in court. It does not provide that where there is a cause of action tender may be made, but only that the defendant may offer to allow judgment to be taken in an action against him.

This is the only question in the case, and we therefore recommend that the judgment be modified and the defendant be adjudged to pay all costs before the filing of his answer;

in all other respects the judgment to be affirmed; the costs of this court to be divided.

By the Court: It is so ordered.

All the Justices concurring.