[Argued Oct. 25, decided Nov. 7, 1892, and rehearing denied Mar. 2, 1893.]

## ISAAC B. HAMMOND *v.* N. P. R. R. CO.

[S. C. 31 Pac. Rep. 299.]

COSTS—OFFER OF JUDGMENT—CODE, § 520.—The offer of compromise, which Hill's Code, § 520, declares may be served on plaintiff by defendant at any time before trial, and which if accepted is to be filed with the clerk, thereby stopping further costs, except in case of a more favorable judgment, may be made as well in the answer filed by defendant as in a separate writing; and, if so made, service thereof is not necessary, plaintiff being presumed to take notice of all matters contained in the pleadings.

IDEM.—The offer of compromise need not provide for costs at all, it is enough that it contains a sum for which judgment is to be entered; if the offer is accepted, it carries all the costs of the action by force of other provisions of the statute provided it be for more than fifty dollars.

IDEM.—The fact that such an offer provides only for accrued costs, and not for costs of entering the judgment, does not render it ineffectual, and the limitation thereby attempted to be made is void, as, under the above statute, an offer merely "for the sum   *   *   *   specified" is sufficient. *Leslie* v. *Walrath*, 45 Hun, 18, distinguished.

OFFER OF COMPROMISE—MORE FAVORABLE JUDGMENT.—A judgment for a sum less than, or equal to, the amount offered, is not a "more favorable" judgment within the meaning of section 520, Hill's Code.

Multnomah County: E. D. SHATTUCK, Judge.

Defendant appeals.   Reversed.

*Joseph Simon* (*C. A. Dolph* and *Rufus Mallory* on the brief), for Appellant.

*Milton W. Smith* (*Walter S. Perry* of counsel), for Respondent.

LORD, C. J.—This is an appeal from a judgment of the circuit court adjudging the plaintiff entitled to recover from the defendant his costs and disbursements in this action. By his complaint the plaintiff sought to recover a certain sum therein specified for the alleged failure of the defendant to deliver in good order and condition certain freight, consisting of fire brick and tiles, shipped by plaintiff over the defendant's railroad. In its answer the defendant denied liability for any greater sum than

one hundred and ninety-eight dollars and eighty-five cents, the value of forty-one tiles broken, and offered in said answer to allow judgment to be rendered in favor of plaintiff and against the defendant for said sum, with costs accrued up to the filing of the answer. The offer of judgment as contained in the answer, is in these words: "And this defendant now tenders plaintiff a judgment for the sum of one hundred and ninety-eight dollars and eighty-five cents, the value of the forty-one tiles broken with the freight paid thereon, together with the costs incurred up to the date of filing this answer." The plaintiff refused to accept this offer of judgment, and the cause proceeded to trial, and upon such trial a verdict was rendered by the jury in favor of the plaintiff for one hundred and ninety-eight dollars and eighty-five cents, the amount for which the defendant offered judgment to be rendered against it.

The defendant contends that the plaintiff should recover no costs or disbursements incurred after filing the answer in which this offer of judgment was made, but that the defendant should recover from the plaintiff its costs and disbursements from the time of filing such answer. On the other hand, the plaintiff contends that he is entitled to recover full costs from the defendant, and denies the right of the defendant to recover any costs from him. The contention of the plaintiff was sustained by the circuit court and judgment rendered in his favor and against the defendant for all costs and disbursements of the action, and from which judgment this appeal is taken. Section 520 of Hill's Code provides: "The defendant may, at any time before trial, serve upon the plaintiff an offer to allow judgment or decree to be given against him for the sum, or the property, or to the effect therein specified. If the plaintiff accept the offer, he shall by himself or attorney indorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon him; and thereupon judgment or decree shall be given accord-

ingly, as in case of a confession.   If the offer be not ac-
cepted and filed within the time prescribed, it shall be
deemed withdrawn, and shall not be given in evidence
on the trial; and if the plaintiff fail to obtain a more
favorable judgment or decree, he shall not recover of
him costs and disbursements from the time of the service
of the offer."

The contention for the plaintiff embraces two points:
*First*, that an offer of compromise cannot be made in an
answer; and *second*, that if it can be made in an answer the
offer made in this case was insufficient and defective
because it did not tender the costs necessary for entering
the judgment proposed to be conferred.   It is doubtless
the usual practice to make the offer by a separate writ-
ing, which, if the plaintiff accepts, is filed with the clerk
with the acceptance endorsed thereon.   This indicates
that the offer is in the nature of a pleading, and is
designed to make its existence known so as to avoid mis-
understanding about it and put an end to the litigation.
But while this is so, it is not perceived, nor is any reason
suggested, why an offer of judgment made in the answer
is insufficient on that account or inconsistent with the
purpose of the statute.   In *Kaw Valley Fair Association* v.
*Miller*, 42 Kan. 20 (21 Pac. Rep. 794), the court, in con-
struing a similar provision of the Kansas statute under
which an offer of judgment was made in the answer filed
by the defendant, says:   "The answer of the defendant
in this case is certainly an offer in writing to allow judg-
ment to be taken against him for forty dollars.   It is not
necessary that it be served upon the plaintiff when it is a
part of the pleadings in the action of which the plaintiff
is bound to take notice."   In view of these considerations,
we are not prepared to say there was error in this regard.

The next objection is based on the idea that the offer
of judgment made by the defendant was insufficient and
defective because it did not tender the costs for entering
such judgment, although the plaintiff failed to obtain a
judgment for a greater sum than was so offered by the

defendant. This proceeds upon the theory that the offer
of judgment must be for a sum specified with costs, and
the case of *Leslie* v. *Walrath*, 45 Hun, 18, is relied on to
sustain it. But the provision of the statute under which
that case was decided differs from ours in the particular
that it provides that the offer to allow judgment shall
be "for a sum or the property, or to the effect therein
specified, with costs." Originally this section of the
New York Code (section 385) was identical with our own,
and did not require that the offer should by its terms
authorize a judgment to be entered "with costs." In
*McGrath* v. *Van Wyck*, 3 Sandf. 751, the defendant's offer
was silent as to costs; and in construing the section as it
then stood, SANDFORD, J., said: "Section 385 is silent
as to costs, both in the offer and the judgment therein.
The offer is to contain a sum or a relief for which judg-
ment is to be entered. Then section 303 applies and
gives to the plaintiff upon such judgment the costs of the
suit. If the suit were one for specific performance, and
the offer were for a judgment of performance simply,
there is no doubt that on entering such judgment the
clerk would be bound to insert in the entry the allowance
of costs. And the form of the offer must be the same in
an action to recover money only. If it be necessary to
insert in the offer the allowance of costs in the latter
instance it must be in the former. We think the statute
does not require it in either instance." But subsequently
section 385 of the New York Code was altered so that
the offer, as that section now stands, must, by its terms,
allow the judgment to be taken "with costs." Unless it
is so made the offer is wholly nugatory and may be treated
as a nullity. As touching the change affected by the
amendment of the section, BOSWORTH, J., said: "If a
defendant, under that section as it now reads, wishes to
make an offer which a plaintiff must accept at the peril
of paying the subsequent costs unless he recovers a more
favorable judgment than the one offered, he must, by the
terms of the offer served, allow judgment to be taken

with costs. It is of no consequence what the nature of the action may be, whether it be one in which, after trial, costs are in the discretion of the court, or whether it be one in which a recovery of fifty dollars would carry costs. Nor is it any consequence that the judgment offered is less than fifty dollars  No matter for what sum or to what effect the defendant may offer to allow judgment to be taken, the offer must expressly state that it may be taken with costs, or it will be a nullity."

In *Leslie* v. *Walrath, supra,* relied upon by counsel, the defendant before trial served an offer of judgment "for the sum of one hundred and fifty dollars, with costs to date." It was not accepted, a trial was had, and the plaintiff obtained a verdict for the sum of one hundred and twelve dollars and fifty cents. The contention for the plaintiff was that the offer was ineffectual by reason of the limitation imposed by it in respect to costs, its effect being, if accepted, to subject the plaintiff to the costs of entering judgment upon the offer, of execution and entering satisfaction. The court sustained this contention, saying that "the statute authorizing the offer provides that it shall allow judgment for a sum or property, or to the effect therein specified, with costs. The party making the offer frames it to suit himself. If it does not comply with the statute in all substantial respects, it is a nullity, and may be treated as such by the party served with it." It thus appears that section 385 of the New York Code, as it originally stood,—it then being like our own,—and as construed in *McGrath* v. *Van Wyck, supra,* did not provide or require that the offer of judgment should tender costs. It was a compliance with its provisions to offer judgment for a specified sum; and unless the amount of the judgment so offered was less than fifty dollars, it carried costs when accepted. To make the offer carry costs in every case, no matter for what sum or to what effect, the section was amended requiring that the offer of judgment should, by its terms, allow the judgment to be taken "with costs." If the

XXIII. OR.—11.

party making the offer does not comply with the statute in this respect, it is wholly nugatory, and may be treated as a nullity by the party served with it : *Ramsey* v. *Russell, supra,* and *Leslie* v. *Walrath, supra.* In view of these considerations, it is not necessary, then, in an action like this to recover money, that the defendant, when he offers to allow judgment for a specified sum, shall tender or include costs in such offer. It is enough that the offer contains a sum for which judgment is to be entered ; and unless the sum specified in such offer is less than fifty dollars, plaintiff, when he accepts it, recovers costs of the action as a matter of course : *McGrath* v. *Van Wyck, supra.*

The words of our section 520 "for the sum or property or to the effect therein specified," relate to the judgment and not to the costs. The offer to allow judgment must be for a sum, or the property, or to the effect therein specified. As a consequence, when the offer is for a sum, and is accepted, costs follow by force of other provisions of the Code in the cases specified. The costs are the incident of the judgment, but not the judgment itself; they come as a matter of course after judgment without an offer, or with an offer when accepted. In a word, the right to costs does not become fixed until the termination of the action or suit. When, therefore, in an action to recover money, the defendant, to put an end to the litigation, offers, under section 520, to allow judgment to be entered for a sum specified, and the plaintiff refuses to accept it, and fails to recover judgment for a sum more than was offered by the defendant, he is liable for the costs and disbursements from the time of the service of the offer. In such case, the criterion by which the question is to be determined is, whether the plaintiff has obtained "a more favorable judgment." If he has, then he is entitled to costs as well after as before the offer; but if he has failed to obtain a more favorable judgment, then the section provides that "the defendant shall recover of him costs and disbursements from the time of

the service of the offer"; so that it can make no differ-
ence whether the defendant offered to allow judgment to
be entered for a specified sum, or for a specified sum with
costs up to the time of the service of such offer.    Unless
the plaintiff accepts it, or recovers a more favorable
judgment, the defendant is entitled to costs accruing sub-
sequent to such offer.    The recovery of a judgment for
a sum less than or equal in amount to that offered, is not
a "more favorable" judgment.    The offer of the defend-
ant to allow judgment to be entered against itself was
for the sum of one hundred and ninety-eight dollars and
eighty-five cents with costs accrued up to the time of
filing the answer.    The plaintiff refused to accept such
offer and prosecuted his action and obtained a judgment
for the same sum, which is not a more favorable judg-
ment, or a judgment for a sum more than he was offered,
and consequently the defendant is entitled to recover his
costs and disbursements accruing subsequently to such
offer.

There was error and the judgment must be reversed.

---

[Argued Oct. 20, decided Nov. 14, and rehearing denied Dec. 6, 1892.]