[No. 15190.   Department One.—April 27, 1894.]

102   313
110   329
102   313
137   328

JOHN CROSS, RESPONDENT, *v.* CALIFORNIA STREET CABLE RAILWAY COMPANY, APPELLANT.

CONTRIBUTORY NEGLIGENCE.—Contributory negligence sufficient in law to defeat a recovery for an injury caused by the negligence of the defendant must be such negligence as directly contributes to the accident.

ID.—QUESTION OF FACT—DESCENT OF HILL—COLLISION OF WAGON WITH STREET-CAR—BROKEN LOCK CHAIN.—It is not negligence as matter of law for the driver of a heavy wagon to attempt to descend a hill after the breaking of the lock chain near the top of the hill, by zigzagging in and out within a narrow space between the sidewalk and a street-car track; and if a collision occurs between the wagon and the dummy of the street-car, whereby the driver of the wagon is injured while walking beside the wagon, it is a question of fact for the jury to determine whether the driver, as an ordinarily careful and prudent man, was justified in attempting to make the descent under the circumstances.

ID.—PRESENCE OF PARTY INJURED UPON TRACK.—It is not negligence in law for a party injured by collision between a wagon and street-car to be upon the street-car track at the moment of the accident, where it appears that he could see the track for a distance of a hundred feet and saw no car, although, owing to a steep grade and a wet track, the car could not be stopped within a distance of a hundred feet, after an alarm; but under such circumstances the question of contributory negligence is one of fact to be submitted to the jury.

ID.—FAILURE OF DRIVER TO LOOK.—Where the driver of the wagon as a reasonable man may have thought that he would be able to leave the track before the car would be actually upon him, his failure to look up the hill to see whether or not a car was coming at a distance of more than a hundred feet, cannot be said to have necessarily contributed to the accident.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* for Appellant.

Appellant's motion for a nonsuit should have been granted, as the evidence showed that the plaintiff was

guilty of contributory negligence. (*Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137; *MacClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459; *Carson* v. *Federal St. etc. R. R. Co.*, 147 Pa. St. 219; *Buzby* v. *Traction Co.*, 126 Pa. St. 559; 12 Am. St. Rep. 919; *Barker* v. *Savage*, 45 N. Y. 191; 6 Am. Rep. 66; *Schulte* v. *New Orleans etc. Railway Co.*, 44 La. Ann. 509; *Thomas* v. *Citizens' Pass. Ry. Co.*, 132 Pa. St. 504.) The judgment should be reversed because the jury disregarded the instructions given. (*Emerson* v. *Santa Clara*, 40 Cal. 543, 545; *Aguirre* v. *Alexander*, 58 Cal. 21, 30.)

*H. H. Davis*, and *P. F. Dunne*, for Respondent.

The defendant company was clearly guilty of negligence, and the judgment in favor of the plaintiff should stand. (*Barker* v. *Savage*, 45 N. Y. 191; 6 Am. Rep. 66; *Shea* v. *Potrero etc. R. R. Co.*, 44 Cal. 414; *McKeever* v. *Market St. R. R. Co.*, 59 Cal. 294; *Wilson* v. *Cunningham*, 3 Cal. 241; 58 Am. Dec. 407; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409, 421; *Swain* v. *Fourteenth St. R. R. Co.*, 93 Cal. 179, 184; *Lynam* v. *Union R. R. Co.*, 114 Mass. 87; *Adolph* v. *Central Park R. R. Co.*, 65 N. Y. 554.) The question of negligence was for the jury. (*Fernandes* v. *Sacramento R. R. Co.*, 52 Cal. 45, 50; *Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 197, 201; *Railroad Co.* v. *Stout*, 17 Wall. 663; Thompson on Trials, secs. 1663, 1665.)

GAROUTTE, J.—This is an action for damages for personal injuries. The verdict of the jury was favorable to the plaintiff, and defendant appeals. The plaintiff, a teamster by occupation, and in full possession of his faculties, was engaged in hauling a heavy load of boards down a steep grade on California street in San Francisco. He put on his lock chain in order to hold back his wagon, while he walked and drove the horse. When two or three rods down the hill the lock chain broke. Defendant's car tracks are situated upon this street. Plaintiff did not stop, or attempt to fix his lock

chain, but proceeded with the load down the hill, "zig-zagging" in and out within the narrow space between the sidewalk and the car track.   This mode of travel, under the circumstances, in order to bring plaintiff and his team in safety to the bottom of the hill, required great care and attention.   Defendant's car approached from the top of the hill, struck the hind wheel of plaintiff's wagon, swung it around, and squeezed plaintiff between a portion of the dummy and his own wagon. Injuries were received by him, and this litigation resulted.

It is insisted that the motion for a nonsuit should have been granted upon the ground that plaintiff was guilty of contributory negligence: "1. In this, that he continued down the steep grade with a heavy load after his lock chain was broken, and the evidence shows that the breaking of the lock chain contributed directly to the alleged injury; 2. That at the time of the accident plaintiff had placed himself upon defendant's car tracks without first looking to see if a car was coming upon him."   The nonsuit was properly denied.   Upon the first point relied on to support the motion, we are not prepared to say that the absence of the lock chain was the proximate cause of the injury, even conceding the plaintiff to have been guilty of negligence in traveling down the grade without such an appliance; and contributory negligence sufficient in law to defeat a recovery must be such negligence as directly contributes to the accident.   Aside from this consideration, it cannot be said that it was negligence in law to attempt to descend the hill without the lock chain.   The plaintiff testified that the descent could be made safely without the chain, and the descent was safely continued by the team after the collision occurred.   When the chain broke near the top of the hill it then essentially became a question of fact for the jury to determine, as to what course the driver of the team should pursue.   It was for the jury to say whether the driver, as an ordinarily prudent and careful man, was justified in attempt-

ing to make the descent under the circumstances that the attempt was made. Neither do we think the party injured guilty of negligence in law in being upon the track at the moment of the accident. Viewing his evidence favorable to himself, which we are justified in doing upon the consideration of a question of this character, it appears that he could see the track for a distance of one hundred feet, and saw no car. Owing to a steep grade and a wet track, the evidence disclosed that the car could not be stopped within a distance of one hundred feet, after an alarm, and this fact, most probably, formed an important element contributing to the accident. The case was properly submitted to the jury.

It is insisted that the jury disregarded the following instructions of the court:

"1. If you find that the plaintiff, Cross, was negligent in continuing down the hill after his lock chain broke, and that such negligence contributed to the accident, you must find a verdict for the defendant, even if you also find from the evidence that the defendant was also negligent; 2. A man with good eyesight is bound to use it in crossing a street railroad track. If you find that the plaintiff failed to look up the hill to see whether or not a car was coming, before driving upon or close to the car track, and that his failure so to do contributed to the accident, then he was guilty of contributory negligence, and your verdict must be for the defendant, even though the gripman was also negligent."

All just complaint to the principle involved in the first instruction is disposed of upon the consideration of the order denying the motion of nonsuit. The jury evidently decided, in view of this instruction (if we interpret their conduct by their verdict), that the plaintiff, Cross, was either not guilty of negligence in attempting to descend the hill as he did, or that his negligence in that respect did not contribute to the accident; and, by upholding the action of the trial court upon the question of nonsuit, it is said in effect

that the jury were justified under this instruction in finding the verdict rendered.   There is no sound objection to the treatment by the jury of the remaining instruction.   It cannot be said that it was disregarded by the jurors.   As we have seen, immediately prior to the accident the plaintiff. saw the track for a distance of one hundred feet, and at that time it was unobstructed. Neither can it be said as matter of law or fact that if plaintiff had looked and seen the approaching car at a distance of more than one hundred feet he would not have driven his team as he did drive it.   Under those circumstances, he, as a reasonable man, may have thought that he would be able to leave the track before the car would be actually upon him.   Hence, conceding his failure to look, under such circumstances, it cannot be said that such failure necessarily contributed to the accident.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

HARRISON, J., and PATERSON, J. concurred.