[Sac. No. 1682. Department Two.—October 20, 1910.]

CHARLES M. BASLER, and BESSIE M. BASLER, his Wife, Respondents, v. SACRAMENTO GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

CONTRIBUTORY NEGLIGENCE—WHEN BAR TO RECOVERY.—The contributory negligence which will bar a recovery must be such as to establish that the plaintiff by failure to exercise the required amount of care proximately contributed to produce the injury complained of so that but for his concurring and co-operative fault the injury would not have happened.

ID.—INJURY TO WIFE IN CARE OF HUSBAND—CONTRIBUTORY NEGLIGENCE OF HUSBAND.—For a personal injury to a wife, who at the time of the injury was in the care and custody of her husband, his contributory negligence bars the right of either or both to recover.

ID.—HUSBAND'S CONTRIBUTORY NEGLIGENCE BARS RECOVERY—DAMAGES ARE COMMUNITY PROPERTY.—Regardless of the question as to

whether or not the wife was in the husband's care and custody, if his negligence contributed proximately to her injury, the laws of this state will not permit him to benefit by his own wrong, and therefore no recovery will be permitted, for the reason that under the laws of this state the recovery for her injuries is community property, in which he shares and over which he has control.

ID.—STREET-RAILWAY—COLLISION—FAILURE OF HUSBAND TO GIVE WARNING OF APPROACHING CAR—PLEADING.—In an action by a husband and wife, against an electric street-railway company, to recover for personal injuries inflicted on her while she was alighting from a car, as the result of a rear-end collision with an approaching car, a defense of contributory negligence of the husband, (who at the time of the collision was standing on the ground to assist his wife to alight, and saw the approach of the colliding car), in failing to give warning of the approach of the colliding car to the employees of either car, is insufficient, in the absence of averments that the husband knew the facts that operated to prevent the employees of the oncoming car from stopping it in time, and also knew that the employees upon the stationary car were so engaged as not to discover the approach of the other car, and, as matter of law, that had he notified the employees or motorman of the approaching car, the latter would have acted so as to have prevented the accident.

ID.—FAILURE TO WARN NOT CONTRIBUTORY NEGLIGENCE.—The mere failure of the husband to give a warning when he saw the street-car approaching the stationary car from the rear was not contributory negligence on his part.

ID.—STRIKING OUT INSUFFICIENT DEFENSE.—The special defense of contributory negligence being as complete as it could be made, and an amendment to cure its defects manifestly impossible, the action of the court in striking it out rather than in sustaining a demurrer to it, was an irregularity without injury.

ID.—ACTION FOR TORT—PLEADING TENDER—STRIKING OUT EXTRANEOUS MATTERS.—In an action of tort, a defendant has the right, under section 997 of the Code of Civil Procedure, to plead an offer to let the plaintiffs take judgment in a stated amount, but should not accompany the pleading of tender with explanatory, apologetic, or extenuating matters in no way going to the defense of the action. It is proper to strike out such matters.

ID.—ACTION FOR INJURIES TO WIFE—HUSBAND NECESSARY PARTY—PLEADING—PRAYER FOR DAMAGES.—In an action solely to recover damages for personal injuries inflicted upon a wife, the husband is a necessary party plaintiff. The fact that in such action the complaint asks compensation for the "plaintiffs," does not imply that the action is for compensation for the husband as well as for compensation for the wife.

ID.—LATITUDE ALLOWABLE IN CROSS-EXAMINATION OF PLAINTIFF.—In an action to recover for personal injuries, where the defendant seeks.

to establish a previous condition of invalidism upon the part of the plaintiff, or that the plaintiff is malingering, liberal latitude in cross-examination should be permitted. Such latitude was allowed in this case.

ID.—EVIDENCE OF DETERIORATION IN WIFE'S PHYSICAL CONDITION.—In an action to recover for personal injuries to a wife, evidence is admissible to show deterioration in her physical condition after the accident from what it had been shortly prior thereto, when such evidence is strictly limited to that purpose, and was not intended for the purpose of showing damages suffered by the husband from the loss of her services.

ID.—INSTRUCTIONS ON MEASURE OF DAMAGES—DAMAGES TO BE ALLOWED PLAINTIFFS FOR SUFFERING.—In such action, an instruction to the jury that if they should find for the wife, "in estimating the damages they will allow plaintiffs for any physical suffering and pain and mental anguish, if any, she has suffered and shown in evidence," cannot be construed as authorizing the jury to give damages for the physical and mental suffering endured by the husband.

ID.—RESPONSIBILITY OF STREET-RAILWAY—GENERAL SKILLFULNESS OF EMPLOYEES.—A street-railway company is not relieved from responsibility for an injury to a passenger, notwithstanding its employee might have been skillful, if in fact upon the particular occasion in question the employee did not use due care and skill.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. C. N. Post, Judge.

The facts are stated in the opinion of the court.

Wm. B. Bosley, J. P. Coghlan, and L. T. Hatfield, for Appellant.

W. E. Kleinsorge, C. E. McLaughlin, and R. T. McKisick, for Respondents.

HENSHAW, J.—This is an action by husband and wife to recover damages for injuries sustained by the wife while a passenger upon one of defendant's street-railway cars. The action was tried before a jury. Plaintiffs obtained a verdict, and from the judgment which followed and from the order of the court refusing its motion for a new trial defendant appeals.

Plaintiffs were returning from an evening entertainment. Reaching their place of debarkation, the car stopped to permit them and other passengers to alight. The husband had

stepped off the car and was awaiting to assist his wife therefrom when another car of defendant heedlessly collided with the rear of the stationary car. Mrs. Basler, who was standing at the time, was thrown across a seat and to the floor of the car, receiving the injuries for which compensation was sought. The answer was, first, by way of general denial, and, for a second and special defense, contributory negligence was charged against Mrs. Basler's husband. The court struck out this special defense, and its ruling in this regard first demands attention. This special defense alleged that Basler, debarking from the car, had reached the ground "for the purpose of assisting his wife to alight," when another car came into collision with the car upon which plaintiffs had been passengers; that the other car was fully equipped with all necessary appliances, and that the motorman thereof was of long experience and skill in operating such cars; but that when approaching the stationary car he was "temporarily engrossed in his own personal affairs, and became excited and alarmed at the presence of the car upon which plaintiff had been riding, . . . and upon the spur of the moment and in the exercise of his judgment under the circumstances, such employee failed to take proper action to stop such other car until the same struck the car upon which plaintiffs had been riding. . . . That plaintiff, Charles M. Basler, at the time of the approach of such other car was standing upon the ground alongside of such car upon which he and his wife had been riding and was not otherwise engaged, and saw such car approaching for a long distance and in ample time and full opportunity to have given a signal or alarm and caused such oncoming car to stop or the other car to move, but he gave no alarm or signal of any kind to the persons in charge of the car upon which he had been a passenger and took no steps whatever to prevent such collision, but stood silently and idly by and observed such other car come in contact with the car upon which he had been riding and upon which his wife still was. That the persons in charge of the car upon which plaintiffs had been passengers were engaged in seeing that the passengers thereon were enabled to alight and did not see the approach of the car that caused the collision. That plaintiff, Charles M. Basler, claims to be familiar with the operation of cars and capable of judging of the speed of cars and of the best mode of controlling the

same, but he made no effort to prevent such collision nor did he do anything whatever to avoid it, although fully aware that a collision was imminent. . . . Defendant avers that if the said Bessie M. Basler received any injury of any character by reason of such collision it was because she did not exercise due care on her part to avoid injury and also by the failure of plaintiff, Charles M. Basler, to notify the persons in charge of the car in which plaintiff, Bessie M. Basler, was riding, or to notify the employees of defendant on said other car of the danger of collision, he thereby directly contributed to whatever injury may have been sustained by the said Bessie M. Basler." Appellant's contention is that this special defense charges a complete case of contributory negligence against the plaintiff husband, and that this negligence bars the right of either and of both plaintiffs to recover: 1. Because the wife was in the care and custody of her husband, and consequently his negligence is imputable to her, under the doctrine of *Lamb* v. *Harbaugh,* 105 Cal. 680, [39 Pac. 56]; *McKune* v. *Santa Clara etc. Co.,* 110 Cal. 487, [42 Pac. 980]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 658, [77 Pac. 659], and 2. Regardless of the question as to whether or not the wife was so in the husband's care and custody, if his negligence contributed proximately to her injury (since under the laws of this state the recovery for her injuries is community property, in which the husband shares and over which he has control), the law will not permit him to benefit by his own wrong, and therefore a recovery will not be permitted. (*McFadden* v. *Santa Ana etc. Ry.,* 87 Cal. 468, [25 Pac. 681]; Beach on Contributory Negligence, p. 165, note.) The propositions of law here advanced by appellant are sound and accepted doctrines in this state. It is also true that negligence may be active or passive in character. It may consist in heedlessly doing an improper thing or in heedlessly refraining from doing the proper thing. Whether the circumstances call for activity or passivity, one who does not do what he should is equally chargeable with negligence with him who does what he should not. These principles are but an elaboration of the maxim *idem est facere et non prohibere cum possis; et qui non prohibit, cum prohibere possit in culpa est (aut jubet).* The questions thus resolve to the single proposition, does or does not the special defense charge contributory negligence with

legal particularity and certainty; in other words, are the allegations of this defense sufficient in law as a defense. Herein it is to be noted that the contributory negligence which will bar a recovery must be such as to establish that the person by failure to exercise the required amount of care proximately contributed to produce the injury complained of "so that but for his concurring and co-operative fault the injury would not have happened." (*Williams* v. *Southern Pacific Co.*, (Cal.) 9 Pac. 152; *Cross* v. *California St. R. R. Co.*, 102 Cal. 315, [36 Pac. 673].) What does the defense aver in this respect? It declares that the motorman was "engrossed by his personal affairs." That "he became excited and alarmed at the presence of the car upon which plaintiffs had been riding, at the place where the same had stopped." It does not say how far distant he was when he perceived the car, why he should have become excited or alarmed, or whether or not he perceived the car when it was sufficiently distant to have enabled him to have stopped his own car. The declaration in this regard is merely to the effect that when he discovered the presence of the other car (and where his car was at the time of that discovery is not indicated), he "failed to take proper action to stop his car," and so the collision occurred. So much for the conduct of the motorman. Basler, it is averred, was standing upon the ground waiting to assist his wife to debark "and was not otherwise engaged." He saw the approaching car for a long distance and in ample time to have given the signal or alarm and cause such oncoming car to stop or the other car to move on, but gave no alarm or signal of any kind and took no steps to prevent the collision, "and stood silently and idly by and observed such other car come in contact with the car upon which he had been riding and upon which his wife still was." The failure of the employees upon the stationary car to observe the approach of the other is then sought to be excused upon the allegation that they "were engaged in seeing that the passengers thereon were enabled to alight." But in this connection it is to be noted that the defense also avers that Basler "had reached the ground for the purpose of assisting his wife to alight." It is then charged that the failure of Basler to notify the persons in charge of the car upon which he had been riding, or to notify the employee of the approaching car of the danger of collision, he thereby directly con-

tributed to Mrs. Basler's injuries. The plea is singular, in that the defendant excuses its own employees for non-observance of the approaching car upon the ground that they were "seeing that the passengers were enabled to alight," but charges Basler with full knowledge of the approaching car, notwithstanding the fact that he was standing on the ground doing the very thing which is offered as an excuse for the conduct of defendant's employees, namely, watching and waiting for the purpose of assisting his wife to alight. However, the plea is not to be condemned for its singularity. It is to be condemned solely, if at all, for deficiency. But we think it is subject to condemnation upon this ground. To constitute a good plea of contributory negligence, it must, as has been said, be charged and made to appear that the act or omission was such that but for it the injury would not have happened. To sustain this plea it must be assumed and charged against Basler that he not only knew that the car was approaching, but knew also that its motorman was temporarily engrossed in his own personal affairs and did not know that he was nearing a collision, that when the motorman discovered that he was approaching a stationary car, although in time to avert the accident, he would become excited and alarmed and so not check the speed of his car. He must also be charged with knowing that the employees upon the stationary car whose duty it certainly was to protect their car from accident and injury, were themselves so engaged as not to discover the approach, and it must finally be charged against Basler, as matter of law, and under all these circumstances, that if he had notified the employee or motorman of the approaching car, the latter would not, as he did, become excited and alarmed, but with calmness and discretion would have prevented the accident. Such knowledge is not imputable to Basler and it may not be said that there is the slightest showing that if Basler had done that, which it is alleged he failed to do, the collision would have been in any wise averted. Basler was entitled to consider, as any other person would be entitled to consider, that it was a thing not to be expected, merely because one street-car was running up behind another, that the danger of accident was imminent, and that it was his duty to sound an alarm. The case is entirely different from that presented by *Lawrence* v. *Fitchburg & L. St. Ry.*

*Co.,* 201 Mass. 489, [87 N. E. 898], where upon a dark night
a street-car ran into an automobile, stalled alongside the
track, where the occupants of the automobile had ample time
to make known their position, yet sat indifferent in the car,
trusting to the motorman to see them and stop, and this, when
their automobile was out of the traveled highway at a place
where vehicles did not run and where the presence of a vehicle
was not to be expected. In that case the supreme court
merely declared that they omitted to employ any precaution
to avert the accident which an ordinarily prudent person sit-
uated as were the plaintiffs would have used. But to say
that that case is authority for the proposition that one must
sound a warning when he sees a street-car approaching an-
other stationary one from the rear is an extension of the doc-
trine of contributory negligence to which assent cannot be
given.

The court's action in striking out this matter rather than
in sustaining a demurrer to it was an irregularity without
injury. The special defense was doubtless as complete as
it could be made and an amendment to cure its defects mani-
festly could not be pleaded.

Defendant offered to permit plaintiffs to take judgment in
the sum of two thousand dollars and the offer was refused.
It renewed its offer in its answer, with certain argumentative
and exculpatory averments as to why it was made, and that
it was made in reliance "solely upon the statements of plain-
tiffs, their attorneys, physicians and representatives" and
more to the same effect. The court struck out this argu-
mentative matter and left the simple offer as contemplated
by section 997 of the Code of Civil Procedure. We are not
disposed in the least to question the right of a defendant in
an action for tort to make such an offer under the code provi-
sion. (*Douthitt* v. *Finch,* 84 Cal. 215, [24 Pac. 929] ; *Red-
dington* v. *Pacific Postal Tel. Co.,* 107 Cal. 322, [48 Am. St.
Rep. 122, 40 Pac. 432] ; *Kaw Valley Fair Assoc.* v. *Miller,* 42
Kan. 20, [21 Pac. 794] ; *Hammond* v. *Northern Pac. R. Co.,*
23 Or. 157, [31 Pac. 299].): But it is not in contemplation
of the law that the pleading of tender shall be burdened with
explanatory, apologetic, or extenuating matters in no way
going to the defense of the action, and the court properly
struck out such matters here alleged as mere surplusage.

Nor did the court err in overruling defendant's demurrer to the complaint. The husband was a necessary party to the action, notwithstanding that the action was solely for a recovery for damages for injuries inflicted upon the wife. The complaint sounded in damages for this reason and for this reason alone. Neither in the complaint nor in the taking of evidence is there any indication of a violation of the rule declared in *Tell* v. *Gibson*, 66 Cal. 249, [5 Pac. 233]. The whole argument of appellant in this regard is that the complaint asks compensation for the "plaintiffs" and "upon such allegation it must be that two elements are involved," compensation for the husband and compensation for the wife. This position is absolutely untenable.

Much argument is indulged in to the effect that the court injuriously limited and curtailed the cross-examination of plaintiff Bessie M. Basler, and confined the defendant's inquiry into the condition of her health before the accident, to the year immediately preceding. It would be useless to answer in detail all that is urged upon this proposition, for the answer itself would consist principally of extracts and quotations from evidence actually introduced to show that the asserted grievance is ill-founded. Suffice it to say that we recognize the rule that where the defendant seeks to establish a previous condition of invalidism upon the part of plaintiff, or seeks to prove that the plaintiff is malingering, liberal latitude in cross-examination should be permitted. But that latitude was here allowed.

This same declaration will serve to answer many of the appellant's objections to the rulings of the court in the admission and rejection of testimony. Certain evidence was admitted, in establishing plaintiff's injuries, to show deterioration in her physical condition after the accident from what it had been shortly prior thereto. It is argued by appellant that the admission of this evidence was error because the evidence itself was testimony touching the ability of the plaintiff to perform physical labor, and therefore involved the question of the husband's compensation for loss of her services, which question was, of course, not involved in the action. This objection, too, is over-refined. An excerpt from the evidence, declarations of counsel and rulings of the court will serve to illustrate this beyond argument:—

"Testimony of Mrs. Basler.

"Q. Mrs. Basler, prior to the 17th day of November, 1906, state to the jury the condition of your health and your ability to perform your household duties.

"A. Well, I had always been able to do my own work and look after my family, do my own sewing, and so on, general housework.

"Mr. Hatfield (for defendant) : I understand the counsel that these questions have reference simply to her physical condition, not to any loss of time.

"Mr. McLaughlin (for plaintiff) : Simply the physical condition, we confine it solely to show her condition before the accident. We state, your Honor, that we are offering this line of testimony solely to show her physical condition and for no other purpose and to confine it to that physical condition.

"The Court: I understand it.

"Mr. Hatfield: We object on the ground that any testimony as to her ability to do work is incompetent and irrelevant under the pleadings in this case. It should be confined solely to the physical injury of the plaintiff.

"The Court: This testimony is to show her health, for that purpose, not for the purpose of fixing damage for loss of personal service.

."Mr. Hatfield: I understand the purpose, but we do not agree with the conclusion, that is what we say. We object to that as irrelevant and incompetent, not within the issues of this case; not involved in any manner, personal services.

"Mr. McLaughlin: Understand, your Honor, our offer of this evidence of each witness along this line is confined to this one purpose.

"The Court: Only admitted for this one purpose, to show her physical condition, that is all.

"Mr. Hatfield: I move to strike out the answer.

"The Court: Admitted for the sole purpose, as offered."

Complaint is made of many of the instructions, that they authorized the jury to give damages for the physical and mental suffering endured by the husband, whereas the action was limited to a recovery for such sufferings as the wife alone had endured. Instruction No. 3 will illustrate them all.

"The jury is instructed that if they find that the plaintiff, Bessie M. Basler, was injured through the negligence of the

defendant as alleged in the complaint, that in estimating the damages they will allow plaintiffs for any physical suffering and pain and mental anguish, if any, she has suffered and shown in evidence, or which it is reasonably certain she will suffer in the future in consequence of the said alleged injuries."

Wherein by this and the other like instructions the jury is informed that it may make an award for any physical suffering or mental anguish which the husband has endured, we are utterly unable to perceive.

Exception is taken to certain other instructions actually given and to certain proposed instructions which the court refused to give. Generally speaking, appellant was contending for the proposition that if it had used proper care in the equipment of its cars and in the furnishing of competent men to operate those cars, its responsibility was at an end, and that any other rule would make of the defendant company an absolute insurer. The court instructed in these matters that the defendant was not relieved from responsibility, notwithstanding that its employee might have been skillful, if in fact upon the particular occasion in question the employee did not use due care and skill. This is the law as universally recognized in this state. (*Cunningham* v. *Los Angeles Ry.*, 115 Cal. 561, [47 Pac. 452]; *Bosqui* v. *Sutro Ry. Co.*, 131 Cal. 399, [63 Pac. 682]; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 522, [98 Am. St. Rep. 85, 74 Pac. 15]; *Bonneau* v. *North Shore R. R. Co.*, 152 Cal. 411, [125 Am. St. Rep. 68, 93 Pac. 106].)

No other matters seem to call for specific consideration, and for the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.