SHEPARD v. DUDLEY.

Opinion delivered March 11, 1918.

JUDGMENTS—OFFER TO CONFESS JUDGMENT—COSTS.—In the absence of a sufficient offer to confess judgment, one who recovers judgment against another for debt, is entitled to judgment also for his costs. The offer to confess judgment is in the nature of a tender, in that it must be absolute and unconditional, and, to be valid as such, it must be so unqualified as that final judgment may be pronounced upon it.

Appeal from Clay Circuit Court, Western District; R. H. Dudley, Judge; affirmed.

C. T. Bloodworth and J. L. Taylor, for appellant.

1. Defendant offered to confess judgment and it was error to tax the costs against him. Kirby & Castle's Dig. § 7723; Kirby's Digest, § 6283; 127 Ark. 44; 44 Id. 562; 87 Id. 5.

S. A. D. Eaton, for appellee; J. Mulloy, of counsel.

1. The offer to confess judgment was not sufficient. 21 Ark. 559; 30 Id. 505-511; 34 Id. 582-589.

2. There was no bill of exceptions. 44 Ark. 482; 58 Id. 399.

SMITH, J. This is a continuation of the cause reported under the style of Shepard v. Mendenhall, in 127 Ark. at page 44. It is a suit to recover the consideration, which was alleged to be two thousand dollars, in a deed to appellant from appellee bearing date June 28, 1915. On November 1, 1915, appellant filed an answer containing the following averment: "Defendant further answering, states the truth to be that the consideration was

$150.00, as expressed in said deed, and admits that he agreed to pay the sum of $150.00, and admits that he owes said sum to plaintiff, and that same is due, and hereby offers to confess judgment for said sum, in full satisfaction of said debt, and makes tender of same. Wherefore, having fully answered, he prays to be discharged with costs, and for all proper relief.''

Later an amendment to the answer was filed in which it was alleged that the actual consideration for the deed was an agreement to make a will. This amended answer contained the following averment: ''Defendant states that he is ready and willing to pay plaintiff the $150.00 consideration expressed in said deed and has at all times been ready and willing to confess judgment for said sum and to pay same. * * * Wherefore, having fully answered, he prays to be discharged with all costs and for all proper relief.''

Upon the trial of the cause there was a verdict for $150.00 and interest at 6 per cent. from June 28, 1915, and judgment was pronounced accordingly. Appellant filed a motion to retax the costs and to have all costs from the date of the answer charged to appellee upon the ground that the judgment was recovered only for the sum for which he had offered to confess judgment. He bases his prayer for relief upon section 6283 of Kirby's Digest, which provides: ''After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action. Whereupon, if the plaintiff being present, refuses to accept such confession of judgment in full of his demands against the defendant in the action, or, having had such notice that the offer would be made, of its amount, and the time of making it, as the court shall deem reasonable, fails to attend, and on the trial does not recover more than was so offered to be confessed, such plaintiff shall pay all of the costs of the defendant incurred after the offer.''

Was a sufficient offer to confess judgment made to relieve appellant—defendant below—from liability for

subsequent costs? In the absence of a sufficient offer to confess judgment, one who recovers judgment against another for debt is entitled to judgment also for his costs. The offer to confess judgment is in the nature of a tender, in that it must be absolute and unconditional, and, to be valid as such, it must be so unqualified as that final judgment may be pronounced upon it.

In the chapter on Judgments in Hunt on Tender, section 530, it is said: "A statutory offer of a judgment must be for a specific sum independent of costs, and the costs accrued at the date of the offer; unless the statute provides that the offer shall carry costs, in which case the costs need not be mentioned. An offer of a judgment for a certain sum without mentioning any costs, if not accepted, will not avail the defendant as a statutory offer."

Our statute on this subject contains no provision in regard to costs. Sections 6277, 6278 and 6283, Kirby's Digest.

It can not be said that the rendition of judgment for costs would have followed as a matter of law because of the provisions of law giving one who recovers a judgment for debt a judgment also for costs. This argument would be more plausible if the offer to confess judgment contained no recital in regard to the costs. But this is a statutory proceeding, and only such judgment can be rendered as the defendant offers to confess. Here the defendant, not only did not offer to confess judgment for the costs, but he expressly prayed judgment in his own behalf for his costs. He was not entitled to a judgment for these costs. Upon the contrary, he was liable even for the plaintiff's costs to that time, and we must, therefore, hold that his offer to confess judgment did not meet the requirements of the law. Judgment affirmed.