(No. 6096.   May 14, 1934.)

FRED RICH, Respondent, v. THOMAS STEPHENSON, Appellant.

[32 Pac. (2d) 848.]

B. W. Davis, for Appellant.

Carl C. Christensen, for Respondent.

BUDGE, C. J.—Respondent Rich instituted suit in the justice's court of Pocatello precinct to recover $184.15 for labor and materials furnished. Appellant answered in part as follows:

"This answering defendant admits that he is owing to the plaintiff the sum of $52.80 for certain work done and materials furnished to this defendant between the 28th day of May, 1930, and the 9th day of June, 1930, and this defendant herewith tenders said amount into court in full settlement of all claims of plaintiff against this defendant, and this defendant specifically denies that he is owing to or indebted to plaintiff in any greater sum than $52.80. . . . .

WHEREFORE this defendant prays that plaintiff's complaint be dismissed and that plaintiff take nothing thereby and that defendant recover his costs herein expended."

Respondent secured a judgment in the justice's court for $184.15. An appeal was then taken to the district court, whereupon respondent dismissed his complaint as to one George Stephenson, and a verdict and judgment was rendered in favor of respondent and against appellant for $170.40. A new trial was then asked and granted and upon a retrial verdict and judgment was rendered in favor of respondent and against appellant for $52.80, the exact amount admitted to be owing by appellant's answer.

This appeal is from the order of the district court taxing costs against appellant in the amount of $112.70.

■ Appellant's three assignments of error are to the effect that the court erred in allowing costs to respondent, in denying appellant costs, and in holding that respondent was entitled to costs, it being urged that the answer constituted a sufficient offer of judgment to relieve appellant of the payment of costs under the provisions of I. C. A., sec. 10–1007, which provides as follows:

"If the defendant, at any time before the trial, offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued; but if he do not accept such offer before the trial, and fail to recover in the action a sum in excess of the offer, he cannot recover costs, but costs must be adjudged against him, and if he recover, be deducted from his recovery. The offer and failure to accept cannot be given in evidence, nor affect the recovery otherwise than as to costs."

It is urged by respondent that an offer of judgment is not a pleading and must be in writing, separate from the answer, inasmuch as I. C. A., section 10–1007, provides that the offer of judgment and failure to accept cannot be given in evidence, and cites in support thereof *Tullgren v. Karger,* 173 Wis. 288, 181 N. W. 232, which case apparently stands alone. The foregoing I. C. A., section 10–1007, appears in Idaho Code Annotated as a part of Title 10, being the title containing provisions applying specifically to "Proceedings in Civil Actions in Justices' and Probate Courts." In Title 12, I. C. A., containing "Miscellaneous Matters in Civil Actions" appears a statutory provision in terms similar to I. C. A., section 10–1007, and with the same ultimate effect. This section, I. C. A., section 12–301, provides as follows:

"The defendant in any action may at any time before the trial or judgment serve upon the plaintiff an offer to allow judgment to be given against him for the sum or property, to the effect therein specified. If the plaintiff accept the offer and give notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn and cannot be given in evidence upon the trial, and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs accruing subsequently to the offer but must pay the defendant's costs from the time of the offer."

It will be noted that I. C. A., section 12–301, and section 10–1007, contain almost identical provisions and the ultimate result reached under either section is the same, the apparent difference between the two statutes being that I. C. A., section 10–1007, relating to proceedings in justices' and probate courts, does not require the same exactitude in service of the offer and acceptance and notice of acceptance thereof as is required by I. C. A., section 12–301, relating generally to civil actions. The sections of the Idaho Code Annotated above referred to were apparently adopted from the state of California (Cal. Code Civ. Proc., sections 895 and 997), which were in effect prior to adoption of the similar sections in this state, being practically identical in terms and to the identical effect as I. C. A., sections 10–1007 and 12–301. Both California statutes and both Idaho statutes contain the provisions to the effect that the offer of judgment cannot be given in evidence upon the trial. The California court considering Code Civ. Proc., section 997, in *Basler v. Sacramento Gas & Elec. Co.*, 158 Cal. 514, 111 Pac. 530, Ann. Cas. 1912A, 642, said:

"Defendant offered to permit plaintiff to take judgment in the sum of $2,000, and the offer was refused. It renewed its offer in its answer, with certain argumentative and exculpatory averments as to why it was made . . . . and more to the same effect. The court struck out this argumentative matter and left the simple offer as contemplated by section 997 of the Code of Civil Procedure. We are not disposed in the least to question the right of a defendant in an action for tort to make such an offer under the Code provision. (*Douthitt v. Finch*, 84 Cal. 215, 24 Pac. 929; *Redington v. Pacific Postal Tel. Co.*, 107 Cal. 322, 40 Pac. 432, 48 Am. St. 132; *Kaw Valley Fair Assn. v. Miller*, 42 Kan. 20, 21 Pac. 794; *Hammond v. Northern Pac. R. Co.*, 23 Or. 157, 31 Pac. 299.)"

It appears that the last two cases cited in the foregoing quotation fully support the proposition that an offer of judgment may be made in the answer.

"The contention for the plaintiff embraces two points; (1) That an offer of compromise cannot be made in an answer; . . . . It is doubtless the usual practice to make the offer by a separate writing, which, if the plaintiff accept, is filed with the clerk, with his acceptance indorsed thereon . . . . But while this is so, it is not perceived, nor is any reason suggested, why an offer of judgment made in the answer is insufficient on that account, or inconsistent with the purpose of the statute. In *Kaw Valley Fair Assn. v. Miller*, 42 Kan. 20, 21 Pac. 794, the court, in construing a similar provision of the Kansas statute, under which the offer of judgment was made, in the answer filed by the defendants says: 'The answer of the defendant in this case is certainly an offer in writing to allow judgment to be taken against him for $40. It is not necessary that it be served upon the plaintiff when it is a part of the pleadings in the action of which the plaintiff is bound to take notice.' In view of these considerations we are not prepared to say there was error in this regard." (*Hammond v. Northern Pac. R. Co.*, 23 Or. 157, 31 Pac. 299. See also: *Kaw Valley Fair Assn. v. Miller*, 42 Kan. 20, 21 Pac. 794.) In view of the foregoing and the fact of the similitude of I. C. A., sections 12–301 and 10–1007, we feel constrained to hold that an offer of judgment may be properly contained in the answer.

Respondent further urges that appellant's answer in any event was merely an admission of indebtedness, because it did not offer judgment to plaintiff for anything and because defendant prays that plaintiff take nothing by his complaint and that the defendant recover his costs, citing in support thereof *Randall v. United States Fidelity & Guaranty Co.*, 53 Ida. 310, 23 Pac. (2d) 319, *Minehan v. Silveria*, 131 Cal. App. 317, 21 Pac. (2d) 617, and *Shepard v. Dudley*, 132 Ark. 603, 201 S. W. 1112, an examination of which cases discloses no application to the situation herein. In *Randall v. United States Fidelity & Guaranty Co.*, *supra*, this court said: "No offer was made by appellant to allow judgment to be given against it

for the amount it admitted itself to be indebted to respondent, as provided for in section 12–301," the admission of indebtedness being by stipulation prior to the trial. In *Minehan v. Silveria, supra,* the court said: "The record is silent as to any such offer (under Code Civ. Proc., sec. 997) and the answer does not contain any allegation of tender of deposit (under Code Civ. Proc., sec. 1030). In *Shepard v. Dudley, supra,* the court considered a statutory provision providing that plaintiff pay all of the costs of defendant incurred *"after the offer"* in case plaintiff fails to recover on the trial more than was so offered to be confessed, held that defendant was not entitled to a judgment for costs, but on the contrary was liable for plaintiff's costs up to the time of the offer and thus that expressly praying for costs in his own behalf made defendant's offer insufficient. The answer in which the offer herein is contained was filed in the justice's court, wherein pleadings may be very informal (I. C. A., sec. 10–401) must be liberally construed (I. C. A., sec. 5–801) and wherein great liberality is allowed in the pleadings. (*Idaho State Merchants' Protective Assn. v. Roche,* 53 Ida. 115, 22 Pac. (2d) 136; *First Bank of Homedale v. McNally,* 42 Ida. 443, 246 Pac. 5.) It will be noted that I. C. A., sec. 10–1007, involved herein, provides *inter alia,* that, if plaintiff refused to accept the offer of a specified sum, which carried the costs, for which he could then and there have had judgment, not having recovered an amount in excess of the amount of the offer, he would be entitled to no costs, but costs would be assessed against him. The statute making no provision for the division of costs in the event the offer be not accepted, it would appear that the offer contained no more than the statute provides, and was sufficient under the justice's court practice, and under the statute, without anything further, for the entry of judgment in favor of the plaintiff for the "specified sum," "with the costs then accrued."

It is further urged by respondent that the offer of judgment is insufficient in any event because it did not

offer plaintiff any interest on the account as provided by law. The applicable statute, I. C. A., section 10–1007, merely provides for an "offer in writing to allow judgment to be taken against him for a specified sum." Nothing in the statute indicates that such "specified sum" is to be exclusive of interest. Appellant's answer recited that: "he is owing to the plaintiff the sum of $52.80 . . . . and herewith tenders said amount into court in full settlement of all claims of plaintiff against this defendant. . . . . " The verdict merely recites: "We, the jury duly impaneled and sworn to try the above entitled cause, find for the plaintiff in the sum of $52.80." The record gives no clue as to what portion of the verdict or the offer, if any, is interest and what portion principal. It does not appear that either the verdict or the offer was exclusive or inclusive of interest, but the offer was for a "specified sum," which is all the statute requires.

Without expressing any opinion as to the correct procedure under the district court practice, it appears that evidently the trial court attempted to follow the district court practice in reaching its conclusions rather than the practice in the justice's court.

The answer of appellant was a sufficient offer of judgment under I. C. A., section 10–1007, and it therefore follows that the order of the district court taxing costs against appellant is reversed and the trial court is hereby directed to enter judgment in accordance with the views herein expressed.

Costs on appeal awarded to appellant.

Morgan, Holden and Wernette, JJ., concur.

Givens, J., dissents.